■ JANE SCHALLER, Respondent, v MARJORIE RICE et al., Defendants, and GEORGE SHAINSWIT et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants Shainswit appeal from (1) an order of the Supreme Court, Kings County, dated January 2, 1979, which, upon default, granted plaintiff's motion to vacate a settlement and restore the action to the Ready Day Calendar and (2) a further order of the same court, dated May 15, 1979, which, upon appellants' motion for "reargument", adhered to the original determination (the motion was, in effect, a motion to vacate the default and the order, in effect, denied that motion). Appeal from the order dated January 2, 1979 dismissed. No appeal lies from an order entered upon default (see CPLR 5511). Order dated May 15, 1979 affirmed. Plaintiff is awarded one bill of $50 costs and disbursements to

cover both appeals. Special Term properly exercised its discretion in vacating the purported settlement on motion, and not requiring a plenary action, since, as the plaintiff did not give her consent or authorize her lawyer to bind her, the settlement was a "nullity" (see *Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435, 445). Furthermore, the purported settlement fails to satisfy CPLR 2104, which requires stipulations to be in writing unless "made between counsel in open court" or "reduced to the form of an order and entered." The action of the Judge's secretary in notifying plaintiff's attorney that both defendants had agreed to a particular sum does not constitute an agreement made in open court (see *Dolgin v Dolgin* 31 NY2d 1, 5). Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.