■ Abraham Neiman et al., Respondents, v Fred Springer et al., Appellants. — In a proceeding to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Bellard, J.), dated January 22, 1979, which granted petitioners' application and denied appellants' cross motion to vacate the award. By order of this court, dated August 6, 1979, the proceeding was remitted to Special Term to hear and report, with findings of fact, on the issue of whether there was misconduct on the part of the arbitrators, and the appeal was held in abeyance in the interim (*Neiman v Springer,* 71 AD2d 854). Special Term has not complied. Judgment affirmed, with costs. The appellants allege that the arbitrators are guilty of misconduct, in that they refused to hear evidence because they arbitrarily found that a settlement had been reached with respect to most of the issues before them. Pursuant to this court's order of August 6, 1979, Special Term heard testimony on the question of whether a settlement was reached. That testimony indicates that an oral settlement was reached, which was never reduced to writing. The arbitrators concluded that the oral settlement was the equivalent of a settlement made in open court, and therefore was enforceable. The settlement was not stenographically recorded because the parties consented to dispense with the expense of a stenographer and stenographic transcript. In its report, Special Term concluded that the settlement was unenforceable, because the arbitrators violated CPLR 2104, which provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." Since the settlement was not stenographically recorded, Special Term believes that the arbitrators acted arbitrarily when they deemed the agreement the equivalent of a settlement entered into in open court. We

disagree. In *Matter of Dolgin Eldert Corp.* (31 NY2d 1, 9-10), the Court of Appeals noted: "The rule had always been that oral stipulations or concessions made in open court, despite statutory or rule requirement for writings, would be enforced over the objections of lack of a subscribed writing * * * Even before full reporting in open court became universal in courts of record, the formality, publicity, and solemnity of an open court proceeding marked it as different from the preliminary atmosphere attached to informal conferences elsewhere." Thus, the determinative factor is not whether the stipulation is stenographically recorded, but, rather, whether the stipulation is entered into during formal court proceedings. The instant dispute was submitted to arbitration on consent of the parties; thus, the arbitrators' conclusion that the proceedings before them were the equivalent of proceedings in open court cannot be deemed irrational. Further, the parties consented to dispense with a stenographic recording of the proceeding in question, and therefore, cannot be heard to complain that the proceedings were not stenographically recorded. In any event, it has been repeatedly held that an arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator, nor is an arbitrator bound by "those principles of substantive law or rules of procedure which govern the traditional litigation process" (see *Matter of of Sprinzen* [*Nomberg*], 46 NY2d 623, 629). Therefore, the arbitrators' determination that the parties entered into an enforceable stipulation was not irrational. Appellants failed to establish any misconduct on the part of the arbitrators. Titone, J. P., Mangano, Thompson and Bracken, JJ., concur.