■ PADDOCK CONSTRUCTION, LTD., et al., Appellants-Respondents, v AUTOMATED SWIMPOOLS, INC., Now Known as WAVE-TEK PRODUCTS, INC., et al., Respondents-Appellants.—Mahoney, P. J. Cross appeals (1) from an order of the Supreme Court (Ford, J.), entered March 31, 1986 in Albany County, which partially granted the motion of defendant Automated Swimpools, Inc., for a preliminary injunction, (2) from an order of said court, entered April 1, 1986 in Albany County,

which granted defendant Gary L. Zuercher's motion for a preliminary injunction, (3) from an order of said court, entered April 8, 1986 in Albany County, which determined the amount of the undertaking required to be furnished by defendants, and (4) from an order of said court, entered April 25, 1986 in Albany County, which conditionally granted plaintiffs' motion for an order vacating the court's previous preliminary injunctions.

Plaintiffs are corporations owned and controlled by plaintiff Herbert S. Ellis which are in the business of designing, constructing and selling large swimming pools. Defendant Automated Swimpools, Inc., now known as WaveTek Products, Inc., manufactures and markets wavemaking equipment which is used to build "wave pools". Defendant Gary L. Zuercher was formerly an owner and president of WaveTek and is still being paid by the company under a stock purchase agreement. In April 1982, the parties entered into an exclusive sales territory agreement whereby plaintiffs would be the exclusive sales agent for WaveTek's equipment in northeastern United States. The agreement was terminable by either party upon 30 days' notice prior to the expiration of its two-year term. Absent such termination, the agreement would automatically be renewed for successive two-year terms subject to the termination provision at the end of each term. Central to this action is the provision in the agreement which states: "Following termination of the contract, (whether after the original or any successive principal term,) [plaintiffs agree] that if [they are] involved in any wave pool projects during the three years succeeding such termination, then, in that event, [plaintiffs] will use or install, only WaveTek machinery and equipment and will not purchase or install machinery or equipment manufactured by any other entity." In April 1984, the parties extended the agreement for another two years. In April 1985, plaintiffs, taking the position that defendants had directly contacted customers in plaintiffs' region in violation of the agreement, notified WaveTek that they considered the agreement rescinded. Plaintiffs then commenced soliciting customers offering to construct wave pools using equipment procured under license with another company.

About the same time, plaintiffs commenced this action seeking rescission of the agreement, restitution of moneys expended in furtherance of the agreement and money damages for breach of contract. Defendants counterclaimed seeking specific performance of the posttermination clause quoted above as well as money damages for breach of contract.

Defendants also moved for a preliminary injunction enjoining plaintiffs from using, installing or purchasing any wavemaking equipment not manufactured by WaveTek. Supreme Court granted the motions, but limited the injunction to the territory in which plaintiffs had been the exclusive sales agent of WaveTek. The undertakings were fixed at $250,000. Subsequently, on plaintiffs' motion, Supreme Court vacated the injunction unless defendants posted the undertakings and ceased communicating with plaintiffs' potential customers concerning the injunction. Defendants posted the undertakings. All of the parties have appealed.

Plaintiffs contend that the preliminary injunction was improperly issued since defendants did not establish a "clear right" to such relief and since an adequate remedy at law exists. It has been held innumerable times that a party seeking a preliminary injunction must establish, among other requirements, a likelihood of success on the merits (see, *Clark v Cuomo*, 103 AD2d 244, *affd* 63 NY2d 96; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 70 AD2d 1021, *appeal dismissed* 48 NY2d 654). However, this does not mean that the existence of any questions of fact or law forecloses the issuance of a preliminary injunction. Otherwise, the parties would be trying their cases on the motion for a preliminary injunction. The movant must establish a substantial likelihood that it will succeed on the merits and that, if successful, it would have a clear right to the injunctive relief sought. Here, defendants established that the contract had a posttermination provision which plaintiffs have not complied with. Further, even if plaintiffs are correct in their assertion that defendants breached the agreement, it does not follow that rescission of the contract would have been an appropriate remedy. Finally, justified or not, plaintiffs' attempt at unilateral rescission of the agreement would have the effect of abrogating the posttermination provision in the agreement to defendants' detriment before the parties' claims can even be litigated. Thus, it cannot be said that defendants have not established a substantial likelihood of success.

We also reject plaintiffs' claim that the preliminary injunction was improperly granted since defendants have an adequate remedy at law. Obviously, if defendants are damaged by a breach of contract by plaintiffs, they have a claim for money damages. However, the record indicates that any such damages would be difficult to calculate since they would be based, in part, on speculation. Additionally, without a preliminary injunction, defendants will have lost the benefit of the postter-

mination provision in the agreement. That provision must have some worth to defendants beyond money damages or it would not have been included in the agreement. In conclusion, based on the facts herein, Supreme Court did not abuse its discretion in granting defendants' motions for a preliminary injunction.

In their cross appeal, defendants contend that Supreme Court should not have limited the scope of the preliminary injunction to the territory of the exclusive sales territory agreement. Defendants point out that the posttermination clause states that "if [plaintiffs are] involved in *any* wave pool projects during the three years succeeding such termination * * * [plaintiffs] will use or install, only WaveTek machinery" (emphasis supplied). Other provisions of the agreement expressly limit their application to the geographic territory involved. Defendants' contention is rejected. First, at issue is a preliminary injunction which is an equitable remedy. The award of such remedy is discretionary, such that the court may tailor the relief to protect the interests of all parties *(see,* 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13). Supreme Court was not bound to issue a preliminary injunction conforming exactly to the posttermination agreement. Further, it is not entirely clear that defendants' interpretation of the scope of the provision is correct. The primary clause of the contract which created the exclusive agency provides that plaintiffs will not sell or install wavemaking equipment made by any other company, and such clause also is not limited to the geographic territory of the agreement. In this clause, as in the posttermination provision, defendants' obligations are expressly limited to such geographic territory. The record indicates that, at the time of the agreement, plaintiffs did not do business outside the territory. Thus, arguably, the contract provisions did not geographically restrict plaintiffs' obligations because there was no practical need to do so. Since the issue of the scope of plaintiffs' posttermination responsibilities is not clear, it was not an abuse of discretion for Supreme Court to limit the geographic scope of the preliminary injunction.

Finally, Zuercher contends that Supreme Court erred in conditioning the injunction on defendants refraining from discussing the injunction with plaintiffs' potential customers. It appears that the primary objection to such provision was not that Supreme Court had no authority to issue it or that it was not appropriate based on the circumstances then brought to Supreme Court's attention, but, rather, that it is no longer appropriate based on current circumstances. Such contention

is more properly made by way of a motion to the original court to vacate or modify and not on appeal. In fact, it appears that WaveTek has so moved and the motion has been denied. WaveTek's remedy would be to appeal such denial if it so chooses.

Orders affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.