■ MARIAN A. PENNEY, Appellant, v ELMIRA PROFESSIONAL COMMUNICATIONS, INC., et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered January 2, 1986 in Tompkins County, which vacated a prior order of said court directing entry of judgment in accordance with an amended arbitration award.

Plaintiff commenced an action against defendants seeking $100,000 in damages for alleged fraud, breach of contract and conversion. The case was transferred to arbitration purportedly under the authority of CPLR 3405 and the regulations promulgated pursuant to that statute. An arbitration hearing was conducted before a panel of three arbitrators. During the course of the hearing, the parties reached an apparent settlement and the arbitrators rendered an award in plaintiff's favor in accordance therewith. Plaintiff was to receive $251.08 per month for 10 years representing the amortization of the settlement amount of $17,500 at 12% interest over that period. In preparing the necessary documents, defendants included a prepayment provision. Plaintiff objected to the inclusion of the prepayment provision and moved, by order to show

cause, for enforcement of the stipulation as contained in the arbitration award. Special Term remitted the case to the arbitrators for a determination as to whether the award should allow prepayment.

On October 23, 1985, the arbitrators rendered an amended award which did not include a prepayment provision. Thereafter, plaintiff moved for an order directing entry of judgment in accordance with the amended award. Special Term granted the motion by order dated November 8, 1985. On November 21, 1985, however, defendants filed a demand for a trial de novo pursuant to 22 NYCRR 28.12. In response thereto, the court, by order dated December 30, 1985, vacated its November 8, 1985 order, on the ground that entry of judgment prior to the expiration of defendants' time to file a demand for a trial de novo had been premature. This appeal by plaintiff ensued.

Plaintiff contends that Special Term erred in vacating its November 8, 1985 order which had directed entry of judgment in accordance with the amended arbitration award. We cannot agree. CPLR 3405 provides that the rules promulgated by the Chief Judge of the Court of Appeals "must permit a jury trial de novo upon demand by any party following the determination of the arbitrators". The preservation of the right to demand a jury trial is essential to the constitutionality of CPLR 3405 *(see, Matter of Nuro Transp. v Judges of Civ. Ct.,* 95 AD2d 779, 781). Any party not in default may serve a demand for a trial de novo within 30 days of receiving service of the notice of filing of the award (22 NYCRR 28.12 [a]).

Here, defendants were not in default and made their demand for a trial de novo within 30 days of the issuance of the amended award. They are thus entitled to a trial de novo. The fact that the parties allegedly stipulated to the settlement contained in the original award does not change this result. There was no agreement regarding a prepayment provision. The issue was resubmitted to the arbitrators and it was with respect to the arbitrators' amended award, to which the parties clearly did not stipulate, that the demand for a trial de novo was taken.

Finally, we note that plaintiff correctly points out that it was error in the first instance to transfer this case to arbitration pursuant to CPLR 3405 because the amount sought exceeded $6,000. However, this error does not aid plaintiff's argument on this appeal that defendants should be bound by the amended arbitration award. Hence, the order appealed from must be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.