■ In the Matter of NICHOLAS A. SCIARTELLI, Respondent, v DEBORAH SCIARTELLI, Appellant.—Mahoney, P. J.

The parties were married on September 30, 1972, and had two children, a boy now 15 years old and a girl now 13 years old. The parties separated on March 20, 1980, pursuant to a separation agreement which provided for joint custody with primary physical custody to respondent. Petitioner then moved to Nevada where the children visited him most summers. In August 1985 petitioner applied to a Nevada court for custody of the children. The Nevada court determined that jurisdiction was with the courts of New York and dismissed the petition. Petitioner then commenced this proceeding in Family Court. After a hearing, Family Court ruled that the parties' son should reside with petitioner and the daughter with respondent. This appeal by respondent ensued.

The standard for determining custody matters is the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171). Primary factors to be considered are the quality of home environment and the nature of parental guidance which can be offered by each parent (see, Matter of Ebert v Ebert, 38 NY2d 700, 702). While the relative financial ability of each parent to provide for the child should not be overlooked, this factor is not determinative (see, Eschbach v Eschbach, supra,

at 172). Further, courts are generally opposed to splitting the custody of children (see, Eschbach v Eschbach, supra, at 173; Matter of Ebert v Ebert, supra, at 704).

Here, the evidence in the record indicates that petitioner has a greater financial ability to support the children. The evidence also indicates that both parties are fit parents. The boy expressed a strong desire to live with petitioner while the girl indicated that she wished to continue living with respondent. The boy stated that he has a good relationship with petitioner's new wife and his performance in school was significantly better when he was temporarily living with petitioner. Both the Law Guardian and a court-appointed clinical psychologist recommended that the boy reside with petitioner and the girl with respondent, with a visitation period for the children together. Upon our review of the record, Family Court properly followed this recommendation.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.