■ In the Matter of SHANE O. and Others, Alleged to be Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN O., Appellant. (And Another Related Proceeding.)—Yesawich, Jr., J. Appeals (1) from an order of the Family Court of Chemung County (Frawley, J.), entered June 30, 1986, which partially granted the application of Andrew O., in a proceeding pursuant to Family Court Act article 6, for custody of Shane, Meara and Erin O., and (2) from an order of said court, entered October 27, 1986, which granted the application of the Chemung County Department of Social Services, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children to be neglected.

Susan O. and Andrew O. were married from 1973 to 1982, during which time they produced three children, Shane, born in August 1976, Meara, born in June 1978, and Erin, born in April 1980. When the parents separated in January 1981, the mother was granted custody of the children with visitation rights for the father. In October 1984, Fran Kalish, a case-worker with the Child Protective Unit of the Chemung County Department of Social Services (hereinafter Department) began visiting the mother to help her with problems she was having in caring for the children. Kalish noted the mother's inability to keep the house clean, to properly feed the children, to provide them adequate hygienic care, to regularly administer Shane's medication, and to spend sufficient time with the children. Kalish spoke to the father, who had since remarried, about taking custody of the children, and on October 8, 1985 he filed a petition seeking custody of the children. On February 6, 1986, despite improvement in the mother's parenting skills and continuing cooperation with Kalish, the Department filed a petition against both parents alleging that the children were neglected; that petition was subsequently withdrawn with respect to the father.

At trial much of the evidence centered on Shane. A school official expressed concern over Shane's arriving at school

without having had breakfast or supper, complaining of lack of sleep, and not performing up to his potential while in his mother's care. On January 15, 1986, Shane was placed in a psychiatric institution for 10 days following an attempt to leap from a second story window. Upon his release, Shane was placed in his father's care, after which his school performance and disposition improved considerably. Following the hearing and after receiving a Law Guardian's report, Family Court adjudged all three children to be neglected, ordered 12 months of supervision by the Department, and awarded custody of Shane to the father while leaving the two daughters in the custody of the mother. The mother appeals; we affirm.

There is ample evidence to justify the finding of neglect. As for the change in Shane's custody, we are mindful that courts are prudently opposed, in general, to separating the custody of siblings *(Matter of Sciartelli v Sciartelli,* 140 AD2d 863, 864), but that is only one of many factors to be considered in assessing what is in the best interest of a particular child, a task for which Family Court is eminently well suited *(see, Eschbach v Eschbach,* 56 NY2d 167, 173). Here, Family Court had before it uncontroverted evidence of Shane's improved academic performance and emotional health in the care of his father and his father's wife as well as an expression of Shane's desire to live with his father. On the other hand, the mother has pointed to little more than the father's admitted problem temper for which he is seeking help. We find no basis for disturbing Family Court's determination in this respect.

Orders affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.