■ LARRY FERRI et al., Appellants, v COUNTY OF BROOME et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Coutant, J.), entered April 17, 1989 in Broome County, which denied plaintiffs' motion for a preliminary injunction.

Plaintiffs commenced this action seeking to enjoin defendants from removing their foster child, "Baby Girl A", from plaintiffs' home pending completion of any administrative or court proceedings concerning plaintiffs' application to adopt the child. Baby Girl A was placed in plaintiffs' care in December 1987 when she was two weeks old and has remained in their care since that time. Baby Girl A has two natural siblings, Baby Girl B and Baby Boy C, who now reside with a prospective adoptive family which is able and willing to adopt all three siblings and have them live together as a family. The rights of the children's natural parents were previously terminated by court order.

In November 1988, defendant Broome County Department of Social Services (hereinafter defendant) notified plaintiffs of its intention to remove Baby Girl A from plaintiffs' home and place her with her siblings for adoption in the other home. Plaintiffs objected, a conference was held and defendant subsequently withdrew its notice of intention. Thereafter, plaintiffs commenced proceedings to adopt Baby Girl A themselves. While this application was being processed, defendant consulted a child psychiatrist who ultimately concluded that it would not be detrimental for Baby Girl A to be placed with her siblings. In February 1989, defendant again notified plaintiffs of its intention to remove Baby Girl A from their home. Plaintiffs objected and requested a second conference which was held in March 1989. At the same time plaintiffs obtained a temporary restraining order enjoining the removal of Baby Girl A from their home. Subsequently, defendant notified plaintiffs of its final decision to remove the child and place her for adoption with her siblings. Plaintiffs' request for a preliminary injunction was denied and this appeal ensued. This court has granted plaintiffs a preliminary injunction during the pendency of this appeal.

We affirm. Despite our great sympathy for plaintiffs in this action, we nonetheless must conclude that they are not entitled to the extraordinary remedy of an injunction in this case (see, CPLR 6301). Relying on the statutory preference accorded

them under Social Services Law § 383 (3) as Baby Girl A's foster parents of over 12 months, plaintiffs argue that Baby Girl A cannot be removed from their foster care before administrative and judicial review of their adoption application becomes final. However, it is our view that the preference of Social Services Law § 383 (3) in adoption applications is substantially unrelated to determinations concerning the removal of foster children from foster homes, which remains in the broad discretion of the custodial agency *(see,* Social Services Law § 383 [2]; § 400 [1]; *People ex rel. Ninesling v Nassau · County Dept. of Social Servs.,* 46 NY2d 382, 388; *see also, Matter of O'Rourke v Kirby,* 54 NY2d 8). Social Services Law § 383 (3) does not prohibit such a removal and, in that regard, it is significant that the preference is not divested upon the removal of the foster child from the home *(see, Andrews v Beaudoin,* 39 AD2d 1005, *appeal dismissed* 31 NY2d 805).

Since these facts demonstrate, among other things, that neither plaintiffs nor Baby Girl A will suffer irreparable damage by the child's removal and that plaintiffs have an adequate remedy at law *(see, Grant Co. v Srogi,* 52 NY2d 496, 517; *Matter of United Funding v Hughes,* 103 AD2d 970), plaintiffs' request for injunctive relief was properly denied by Supreme Court. In light of the psychiatrist's· opinion that joining Baby Girl A with her siblings would not be detrimental, and in view of the strong policy in favor of joining siblings where practical (18 NYCRR 421.2 [e]; *see, Matter of Shane O.,* 147 AD2d 733), we conclude that defendant has acted in the child's best interest and has not abused its broad discretion in ordering her removal. Accordingly, despite plaintiffs' understandable distress over losing, even temporarily, a child housed in their home almost from her birth, plaintiffs have demonstrated no clear right to the relief requested *(see, Paddock Constr. v Automated Swimpools,* 130 AD2d 894).

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.