■ PATRICK CONLON, Appellant, v CONCORD POOLS, LTD., et al., Respondents. (And Another Related Action.)—Weiss, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered February 9, 1990 in Albany County, which denied plaintiff's motion to, *inter alia,* vacate a stipulation of settlement, and (2) from an order of said court, entered May 2, 1990 in Albany County, which, *inter alia,* granted defendants' motion for a preliminary injunction.

The first action in this matter involves a business dispute between plaintiff and defendant Michael Giovanone, each of whom owned 47 shares of defendant Concord Pools, Ltd. Plaintiff obtained an order to show cause with a temporary restraining order returnable in the chambers of the Supreme Court Justice who granted the order. On July 27, 1989, the return date, the Justice encouraged settlement negotiations which culminated in an oral stipulation stenographically recorded by a court reporter in the absence of the Justice. The transcription was never subscribed nor has a judicial order ever been entered. On October 11, 1989, plaintiff moved to vacate the stipulation contending that defendants improperly sought an expanded interpretation of the noncompetition clause contained therein. Supreme Court found that the settlement agreement failed to satisfy the "open court" requirement of CPLR 2104, but nonetheless held it to be binding based upon the transcription and in reliance upon the phrase "other record" tangentially referred to in *Matter of Dolgin Eldert Corp.* (31 NY2d 1, 9-10). The court further held that a plenary action addressing the stipulation was appropriate. Plaintiff has appealed from the resulting order in that case.

To be enforceable, a stipulation must be (1) made in open court, (2) written and subscribed, or (3) reduced to a court order and entered *(see,* CPLR 2104). A stenographic record alone created in a judicial setting, here outside of the Justice's presence in front of the Justice's law clerk in chambers, was insufficient *(see, Kushner v Mollin,* 144 AD2d 649). However, where there is no dispute between the parties as to the terms of a settlement agreement made during pending litigation, the courts will refuse to permit the use of the statute (CPLR 2104) against a party who has been misled or deceived by the agreement to his detriment, or who has relied upon the agreement *(Smith v Lefrak Org.,* 142 AD2d 725; *La Margue v North Shore Univ. Hosp.,* 120 AD2d 572, 573). Here, we

observe the unequivocal intent of all parties to enter a fully negotiated settlement and discontinuance of the lawsuit *(see, Van Ness v Rite-Aide,* 129 AD2d 931). The transcript of the agreement and affidavits by counsel and the parties fully demonstrate that the settlement was agreed to and relied upon by all parties, with the result that plaintiff should now be estopped from using a technical noncompliance with CPLR 2104 as a ground on which to vacate the settlement agreement *(see, Rhulen Agency v Gramercy Brokerage,* 106 AD2d 725, 728; *see also, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 11, *supra).*

Supreme Court noted the existence of a factual issue relating to what the parties intended regarding competition within 30 miles of one of Concord's stores and a possible mistake in fact on plaintiff's part. However, we find the terms of the noncompetition restriction to be straightforward, basically unambiguous, and they prohibit plaintiff from sales, service and installation of pools, spas and related products within the 30-mile radius. Thus, the motion was properly denied and since the stipulation discontinued the action, it appropriately became the subject of a separate plenary action, *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51). The order in the first case must only be modified to delete the finding that the stipulation met the requirements of CPLR 2104 and otherwise affirmed.

We turn next to the second plenary action commenced by plaintiff against the same defendants which sought, *inter alia,* to set aside the settlement agreement on the ground of mistake. On April 5, 1990, defendants moved by order to show cause for a preliminary injunction prohibiting plaintiff from directly or indirectly competing with Concord within the 30-mile radius set forth in the noncompetition agreement. Supreme Court, *inter alia,* granted a preliminary injunction prohibiting plaintiff from such competition with Concord within the defined area, including a specific prohibition against advertising, selling, soliciting, servicing or selling pools and spas within that area. Plaintiff has appealed from the second order, contending that defendants failed to establish the requisite criteria for a preliminary injunction. We disagree.

A preliminary injunction requires a clear showing of likelihood of success on the merits, irreparable injury in the absence of the injunction and a balancing of the equities in favor of the movant *(see, Picotte Realty v Gallery of Homes,* 66 AD2d 978). Here, defendants have shown open, competitive

solicitation within the restricted area in direct contravention of the noncompetition agreement, in the form of advertisements in local newspapers, direct mail and telephone solicitations to defendants' customers, resulting in injuries of a type not readily assessable in liquid damages. We therefore find that the preliminary injunction, which is equitable in nature, has been tailored to properly protect the interests of all parties (see, Paddock Constr. v Automated Swimpools, 130 AD2d 894, 897).

Order entered February 9, 1990 modified, on the law and the facts, without costs, to delete the words "and meets the requirements of CPLR Section 2104" from the second decretal paragraph, and, as so modified, affirmed.

Order entered May 2, 1990 affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.