■ BUCKINGHAM MANUFACTURING COMPANY, INC., Respondent, v FRANK J. KOCH, INC., Appellant. [599 NYS2d 155] — Levine, J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered May 14, 1992 in Broome County, which,

*inter alia,* granted plaintiff's cross motion to vacate a demand for trial de novo, and (2) from a judgment of said court, entered July 17, 1992 in Broome County, upon a decision of the court in favor of plaintiff.

The parties entered into a contract pursuant to which plaintiff agreed to manufacture and sell to defendant certain custom-made leather utility pouches. Following delivery of the pouches, defendant refused to pay for them, claiming they were defective and nonconforming. Plaintiff sued defendant for breach of contract and defendant counterclaimed. An arbitration hearing was held, on notice, pursuant to CPLR 3405, which was not transcribed, at which the parties were represented by counsel. After opening arguments, the parties' attorneys engaged in settlement negotiations and plaintiff demonstrated a method by which it could correct the defect complained of. No testimony was taken. Although defendant's president did not attend the hearing, defense counsel conferred with him by telephone during the course of the negotiations.

Following the hearing, the chair of the arbitration panel filed a document labeled an "Arbitration Case Report" (hereinafter the Report), later amended, with the County Clerk's office and served the parties' counsel. It provided for defendant to pay plaintiff in full with interest for the goods, and for defendant to return the goods to plaintiff to correct the defect. At issue is whether that Report represented a binding settlement or an arbitration award from which a trial de novo could be demanded *(see,* CPLR 3405; 22 NYCRR 28.12). Defendant thereafter served a demand for a trial de novo *(see, ibid.)* claiming that no settlement had been reached, and plaintiff cross-moved to vacate defendant's demand arguing that the parties had reached a binding settlement agreement at the arbitration hearing, and to enforce the settlement.

Supreme Court held an evidentiary hearing on the issue of whether the parties had in fact stipulated to a binding settlement. The chair of the arbitration panel, plaintiff's executive vice-president and plaintiff's arbitration hearing attorney all testified that the attorneys had stipulated to a settlement which is reflected in the Report, which was never made conditional on the consent of defendant's president. Defense counsel testified that, at the arbitration hearing, he had participated in structuring the settlement but that it had been conditional on his client's approval. He conceded that the Report was not expressly made conditional on his client's

consent and that he never made it clear that he did not have authority to agree to a settlement.

Supreme Court found that the parties had entered into a binding settlement agreement, granted plaintiff's cross motion to vacate defendant's demand for a trial de novo, and affirmed the arbitration award. It concluded that defendant's attorney had acted consistent with his apparent authority to enter into a binding settlement, that plaintiff reasonably relied on those representations and that defendant was bound as principal to the settlement to which its attorney-agent had agreed. Defendant now appeals.

We affirm. There was substantial credible testimony at the fact-finding hearing, particularly the testimony of the arbitrator, a disinterested witness, on which Supreme Court could have determined that the parties' attorneys stipulated to a settlement which was reflected in the Report. According Supreme Court's credibility determination the deference to which it is entitled, we see no basis on which to disturb its factual findings (see, Arnold v State of New York, 108 AD2d 1021, 1023, appeal dismissed 65 NY2d 723).

Moreover, the Report which plaintiff seeks to enforce as a settlement embodies and does not vary from the terms of the settlement actually agreed upon (cf., Penney v Elmira Professional Communications, 131 AD2d 938). The Report was not expressly made contingent on approval of defendant's president, and defense counsel actively negotiated the structure and terms of the agreement. The parties' failure to rigidly adhere to the technical requirements of CPLR 2104 for stipulation of settlement, under these circumstances, does not prevent giving binding effect to the stipulation (see, Van Ness v Rite-Aid, 129 AD2d 931, 932). Whatever instructions defendant may have given its attorney regarding the necessity of a further consent, it is well established that defendant is bound as principal to the acts of its agent-attorney made with apparent authority even if the settlement exceeded the attorney's actual authority (see, Hallock v State of New York, 64 NY2d 224, 230-231; see also, Matter of State Div. of Human Rights v Muia, 176 AD2d 1142, 1144; McClain Realty v Rivers, 144 AD2d 216, lv dismissed 73 NY2d 995; Mason v Simmons, 114 AD2d 622, 623). Defense counsel's apparent authority conferred by defendant to bind it to a settlement agreement was evident from his ongoing settlement negotiations with plaintiff's counsel before and during the arbitration hearing, and, absent any disclosure by counsel on his authority to settle, plaintiff's reliance on that appearance of authority was

entirely reasonable *(see, Hallock v State of New York, supra,* at 231-232).

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order and judgment are affirmed, with costs.