■ EDWARD P. BEDROSIAN et al., Appellants, v SHEILA M. McCOLLUM, Defendant, and ALBERT L. RUSSO, JR., et al., Respondents. [617 NYS2d 997] —White, J. Appeal from an order

of the Supreme Court (Keegan, J.), entered November 18, 1993 in Albany County, which denied plaintiffs' motion to enforce a settlement agreement.

This action is one of five personal injury actions that were consolidated for trial. In early March 1993, plaintiffs' attorney and the attorney for defendants Safelite Glass Corporation and Albert L. Russo, Jr. (hereinafter collectively referred to as defendants) agreed to settle plaintiffs' claim against defendants for $12,000. Following their agreement defendants' attorney, on March 11, 1993, faxed a letter to plaintiffs' attorney enclosing a proposed stipulation implementing the settlement and which required the signatures of all the parties in the consolidated action.* On March 16, 1993, plaintiffs' attorney forwarded executed releases and a stipulation of discontinuance to defendants' attorney, who did not sign it. Instead, he wrote plaintiffs' attorney a letter acknowledging receipt of these documents and advising him that the settlement agreement could not be finalized until defendants' stipulation was fully executed. At a pretrial conference held on March 30, 1993, defendants withdrew their settlement offer since no one had executed their stipulation. As a result, plaintiffs proceeded to trial against defendants in July 1993 with the jury returning a verdict of no cause of action. Plaintiffs then moved to enforce the $12,000 settlement. Supreme Court denied the motion, prompting this appeal by plaintiffs.

As a general rule, a stipulation in an action is not binding unless, *inter alia,* it is contained in a writing subscribed by the party sought to be bound or by the party's attorney *(see,* CPLR 2104; *Klein v Mount Sinai Hosp.,* 61 NY2d 865, 866). An exception arises where there is no dispute between the parties regarding the terms of the settlement agreement and a party has been misled or deceived by the agreement or has detrimentally relied upon it *(see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 11; *Buckingham Mfg. Co. v Frank J. Koch, Inc.,* 194 AD2d 886, *lv denied* 82 NY2d 658; *Conlon v Concord Pools,* 170 AD2d 754).

Here, there is a disagreement over the terms of the settlement agreement in that plaintiffs contend that the agreement was not conditioned upon the execution of the stipulation prepared by defendants' attorney while defendants maintain that it was. Additionally, we find plaintiffs' claim that they failed to prepare for trial in reliance upon the purported

---

* The stipulation provided, *inter alia,* that the parties in the four remaining actions would not mention the settlement of plaintiffs' claim at trial.

settlement unconvincing considering the fact that the settle-ment offer was withdrawn more than three months prior to the trial. Thus, we find that a departure from the general rule would not be warranted in this case. Accordingly, in the absence of a stipulation of settlement signed by defendants, Supreme Court did not err in denying plaintiffs' motion *(see, Greenidge v City of New York,* 179 AD2d 386).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.