■ LUCY R. KLEINMANN, Respondent, v JOHN BACH, Individually and as Superintendent of Schools, Albany City School District, et al., Appellants. [657 NYS2d 525] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 26, 1996 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

In February 1990, plaintiff, a tenured teacher employed by defendant Albany City School District, was notified that she would be transferred from her position at School No. 24 to Philip Schuyler Elementary School. Pursuant to the terms of the collective bargaining agreement between the District and plaintiff's union, plaintiff filed a grievance protesting the transfer. Following a hearing, defendant Superintendent of the Albany City School District denied the grievance. Thereafter, plaintiff filed a notice of claim against the District and a demand for arbitration. On July 24, 1990, prior to the formal commencement of the arbitration hearing, the parties entered into a stipulation settling the grievance.

In February 1991, however, plaintiff commenced this action against defendants alleging causes of action for, *inter alia*, breach of contract and infliction of mental and emotional distress. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that the stipulation of settlement precluded plaintiff from maintaining the action. Supreme Court denied the motion and defendants appeal.

We reverse. CPLR 2104 governs the enforceability of stipulations of settlement and provides that: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." While the statute does not specifically address stipulations made during the course of arbitration proceedings, we have held such stipulations binding in certain circumstances. Most recently, in *Buckingham Mfg. Co. v Koch* (194 AD2d 886, *lv denied* 82 NY2d 658), we upheld an arbitration award settling a dispute over nonconforming goods. During an arbitration hearing, the parties' attorneys entered into a stipulation settling the dispute which was embodied in the arbitrator's " 'Arbitration Case Report' " (*id.*, at 887). This Court found the stipulation of settlement binding even though it was not signed by the parties and, thus, did not comply with the technical requirements of CPLR 2104 (*see also, Central N. Y. Regional Mkt. Auth. v John B. Pike, Inc.*, 120 AD2d 958, *lv denied* 69 NY2d 602; *Neiman v Springer*, 89 AD2d 922).

In our view, the facts at hand are even more compelling that those present in *Buckingham Mfg. Co. v Koch* (*supra*). Here, the stipulation was pronounced by the parties' attorneys while the parties were present before the arbitrator and was immediately transcribed by a stenographer. In addition, and most

significantly, plaintiff specifically consented on the record to the terms of the stipulation. She agreed to an assignment at Philip Schuyler Elementary School in return for the District's payment of back wages, as well as arbitration costs. Plaintiff also agreed to release the District "from any claims that she may have as a result of said transfer including the claims and grievances filed and action of the state division of human rights" as well as "any possible cause of action that [plaintiff] * * * might have that are referenced in the notice of claim that has previously been served on the district". In view of plaintiff's consent to relinquish any causes of action referenced in the notice of claim and that the causes of action contained in the complaint clearly derive from the allegations contained in the notice of claim, we conclude that the stipulation of settlement precludes plaintiff from bringing this action. Accordingly, defendants' motion should have been granted and the complaint dismissed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.