■ In the Matter of EFRAIM SHURKA, Appellant, v ROCHELLE PAZER, Respondent. [670 NYS2d 902] —In a proceeding, *inter alia*, pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated March 3, 1997, which dismissed the petition, and (2) a judgment of the same court, dated March 24, 1997, which confirmed the award, and which was in favor of the respondent and against him in the principal sum of $2,500,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

On December 1, 1995, the parties entered into a stipulation of settlement, disposing of all the issues submitted to the arbitrator (*see*, CPLR 2104). The principal terms of this stipulation provided that the petitioner would pay to the respondent the sum of $2.5 million, the balance of which was due on or before December 31, 1996, in return for the respondent's conveyance to him of her interest in certain corporations. The arbitrator's award which is now under review is based on the parties' stipulation of settlement.

We agree with the Supreme Court that the petitioner failed to demonstrate any basis for vacatur of the award (*see*, CPLR 7511 [b]). An arbitrator's award may be based on the parties' settlement (*see, e.g., Kleinmann v Bach*, 195 AD2d 736; *Central N. Y. Regional Mkt. Auth. v John B. Pike, Inc.*, 120 AD2d 958; *Neiman v Springer*, 89 AD2d 922). Here, the arbitrator's award mirrored the parties' written stipulation of settlement to the greatest extent possible under the circumstances.

We also disagree with the petitioner's claim that the settlement was coerced. At the time of the settlement negotiations in late 1995, the petitioner was represented by two attorneys.

In March 1996, several weeks after the settlement had been consummated, the petitioner, through a third attorney, acknowledged that "he must abide by the terms of the Settlement". Still later, in September 1996, the petitioner in effect declined to respond to the proposed award, which was based on the settlement, and which had been submitted by the respondent. Under all of the circumstances, the petitioner failed to demonstrate that he entered into the settlement as a result of coercion or other misconduct on the part of the arbitrator (*cf., Matter of Goldfinger v Lisker*, 68 NY2d 225).

The petitioner's remaining contentions are equally without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.