OPINION OF THE COURT
Arnold N. Price, J.
The defendants have moved for an order, inter alia, enforcing a stipulation of settlement reached on July 17, 1998.
On or about January 16, 1997, plaintiff Carolyn Bartley and plaintiff Ernie Bartley began this negligence action, alleging that the former had been struck by a Federal Express vehicle. *165 The plaintiffs filed a note of issue on November 25, 1997. The defendants suggested mediation, and a conference was held under the auspices of the American Arbitration Association on July 17, 1998. Peter Ronai, Esq., the attorney for the plaintiffs, accepted the defendants’ settlement offer of $100,000 while he was on the telephone with plaintiff Carolyn Bartley. However, Ronai subsequently informed the defendants’ attorney that his client had “changed her mind” and would not sign a release.
To be enforceable a stipulation relating to any matter in an action must be (1) made in open court, or (2) written and subscribed, or (3) reduced to a court order and entered. (CPLR 2104; Conlon v Concord Pools, 170 AD2d 754.) While a settlement may be evidenced by correspondence (see, Van Ness v Rite-Aid, 129 AD2d 931), in the case at bar, a letter from the plaintiffs attorney evidences his client’s repudiation of the stipulation; there is no correspondence from the plaintiff accepting the settlement. Moreover, the stipulation between the parties was not made in open court or the equivalent. It is true that in a few cases stipulations placed on the record during the course of arbitration hearings have been held to be enforceable pursuant to CPLR 2104. (See, Kleinmann v Bach, 239 AD2d 861 [plaintiff consented on the record and before arbitrator and stenographer]; Buckingham Mfg. Co. v Frank J. Koch, Inc., 194 AD2d 886 [arbitration hearing held pursuant to CPLR 3405, and the stipulation embodied in report filed by chairman of the arbitration panel]; Central N. Y. Regional Mkt. Auth. v John B. Pike, Inc., 120 AD2d 958 [stipulation placed on the record during an arbitration hearing held pursuant to 22 NYCRR part 28].) However, in the case at bar, there was no arbitration hearing held pursuant to statute or regulation and no stenographic record made. A stipulation is not made in “open court” merely because a neutral party is present. (See, Matter of Dolgin Eldert Corp., 31 NY2d 1 [stipulation reached in an informal conference before a Judge and a court clerk in a Judge’s chambers not made in “open court”]; Matter of Janis, 210 AD2d 101 [personal notes of the Surrogate do not satisfy CPLR 2104]; Zambrana v Memnon, 181 AD2d 730 [notation made by court in its personal file after pretrial settlement conference did not satisfy CPLR 2104]; Conlon v Concord Pools, supra [a stenographic record made before the Justice’s law clerk in chambers did not satisfy CPLR 2104]; Matter of Narsu v Polsinelli, 74 AD2d 952 [off-the-record discussions before Judge insufficiently formal to satisfy the requirements of CPLR 2104]; Schaller v Rice, 73 AD2d 962 [role of Judge’s secretary in settlement ne *166 gotiations did not result in an agreement made in open court].) The case at bar is closer to these last cited cases than it is to the arbitration cases. An informal mediation conference is not the equivalent of a “court convened” “in an institutional sense” “with or without a jury to do judicial business.” (Matter of Dolgin Eldert Corp., supra, at 4, 4-5.) Finally, the court is mindful that “[i]t has been repeatedly held that entry of a stipulation of settlement in the minute book of the clerk of the court satisfies the ‘open court’ requirement of CPLR 2104”. (Deal v Meenan Oil Co., 153 AD2d 665, 666.) However, a letter from a mediator evidencing a settlement cannot be equated with an official court record.
Accordingly, the motion is denied.