■ BATES REAL ESTATE, INC., Appellant, v MARQUETTE LAND Co. et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered January 8, 1982 in Delaware County, which, *inter alia*, denied plaintiff's motion for a default judgment and granted defendants' cross motion for an extension of time in which to answer. This is an action arising out of two agreements, both of which involved plaintiff as either a real estate agent for defendants or as a purchaser of defendants' realty. Initially, two actions were commenced by service of summons with notice upon defendants on September 26, 1978. A copy of the complaints and notice of pendency was filed in the Delaware County Clerk's office on September 20, 1978. Thereafter, in March, 1979, the parties agreed to a consolidation of the two actions and a cancellation of the notice of pendency upon deposit of $12,000 with the Delaware County Treasurer. It was further agreed that the then attorney for plaintiff would place the case on the April, 1979, Trial Term Calendar. The time for defendants to answer was also extended by this agreement until 10 days after the execution of the stipulation. The stipulation was executed on May 9, 1979. The $12,000 deposit for the cancellation of the notice of pendency was made on June 16, 1980. However, the action was not placed on the Trial Calendar and no answer was served. The original attorney for plaintiff was suspended from practice for two years beginning February 20, 1980. On October 9, 1980, plaintiff's new counsel moved for a default judgment based upon defendants' failure to answer. Defendants cross-moved for an order extending their time to answer. Plaintiff's new counsel, however, had never been formally substituted for the original attorney of record and, accordingly, plaintiff's application was denied. An order of substitution was granted on *March 12, 1981* and by motion returnable on March 26, 1981, plaintiff again applied for a default judgment. Defendants cross-moved for, *inter alia,* permission to serve an answer. Although the executed stipulation, which extended the time to answer, required that an answer be served on or before May 22, 1979, counsel for defendants states that in telephone conversations with the original attorney of record he was granted an indefinite extension. And, after learning that plaintiff's original attorney had been suspended, defendants assert that they had no further communication regarding this action until September, 1980, when a letter was received from plaintiff's newly retained, but not as yet officially substituted, attorney. Counsel for defendants' assertion with respect to the oral extension is not disputed. Thus, under the rather unusual circumstances of this case, we find defendants' excuse for the delay reasonable. Contrary to plaintiff's assertion, failure to serve an answer prior to the formal substitution of attorneys does not constitute law office failure (cf. CPLR 321, subd [c]). Further, although CPLR 2104 provides, in pertinent part, that an agreement between attorneys relating to any matter in an action is not binding unless it is in a writing subscribed by the attorneys, we are unable to conclude that reliance upon an oral agreement between attorneys constitutes law office failure. Indeed, Weinstein-Korn-Miller instructs us that the rule requiring a writing is one of convenience, designed to relieve the courts from having to resolve factual disputes between counsel and, accordingly, a "party may be prevented from invoking CPLR 2104 to avoid an oral out-of-court stipulation if it appears that the stipulation was in fact made and relied on by the adverse party" (2A Weinstein-Korn-Miller, NY Civ Prac, par 2104.04). Since no one disputes the existence of an oral agreement to extend defendants' time to answer, the requirement of CPLR 2104 of a writing may not be used to

support a finding of law office failure (*id.;* cf. *Donnelly v Pepicelli,* 58 NY2d 268). With these circumstances prevailing, and considering the demonstration by defendants of a meritorious defense, we are unable to conclude that Special Term abused its discretion. The order should, therefore, be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.