■ FRANK A. TATE, JR., et al., Appellants, v ANDREW M. FUSCO, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 7, 1983, in Albany County, which vacated a judgment of default against defendant and granted defendant 20 days to serve an answer to the complaint, and (2) from an order of said court (Cobb, J.), entered November 18, 1983 in Albany County, which denied plaintiffs' motion to re-enter the default judgment against defendant and deemed the answer to have been properly served. ¶ This action was commenced on February 8, 1982 by service of a summons with notice; a complaint was served on June 22, 1982. In the interim, defendant appeared, but thereafter the counsel representing him withdrew. On July 20, 1982, defendant's new counsel fortuitously encountered plaintiffs' counsel and, from the discussion which ensued, he concluded that he had an unlimited extension of time to answer. Plaintiffs' attorney maintains that he merely agreed to give defendant's new counsel a reasonable time to decide whether to represent defendant before taking action on the complaints in this and various related suits, and that the time taken to interpose the answer here was unreasonable. A faulty answer was served on December 23, 1982. Realizing the error, defense counsel called the office of plaintiffs' attorney on December 27, 1982 and advised that another answer would be forthcoming. On January 6, 1983, before the corrected answer was served and rejected as untimely, plaintiffs secured a default judgment. Interpreting the default as a product of confusion and misunderstanding with respect to whether an extension of time within which to answer had been accorded, Special Term vacated that judgment and granted defendant 20 days to serve an answer; defendant's failure to abide by this order led to the motion to re-enter the default judgment, the denial of which plaintiffs have also appealed from. ¶ As plaintiffs correctly point out, an extension of time to answer, to be binding, must be in writing and subscribed by the party to be charged; thus, defendant's default constitutes law office failure (*Kahn v Friedlander,* 90 AD2d 868). Nevertheless, because of the complexity of the litigation (there are presently six actions and two administrative hearings pending, all interrelated and stemming, as does the instant action, from the purchase and sale of common stock of McCarthy Travel, Inc.) and because both Special Terms must have necessarily found that a meritorious defense was asserted, we are of the view that Special Term did not abuse its discretion in vacating the default (CPLR 2005). ¶ The failure of defendant to serve his answer within 20 days, in accordance with Special Term's order vacating the default judgment, is also excusable. A copy of defendant's proposed answer being affixed to his successful motion to vacate the default judgment, which motion also sought permission to serve that answer, defendant's counsel mistakenly believed reservice of the answer to be unnecessary. Under the circumstances, it was not an abuse of discretion to relieve defendant of this error. ¶ Orders affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.