■ CAROLE SALTZMAN et al., Appellants, v KNOCKOUT CHEMICAL & EQUIPMENT CO., INC., et al., Respondents. — In an action, *inter alia,* to recover damages for negligence and breach of contract, plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated June 29, 1984, which granted defendants' motions to vacate an order dated June 5, 1984 granting plaintiffs leave to enter a default judgment and to extend defendants' time to answer.

Order affirmed, with costs.

It is well established that in order for a party to be relieved of a judgment or order on the ground of excusable default (CPLR 5015 [a] [1]) the party must establish that there is a reasonable excuse for the delay and there exists a meritorious claim or defense (*Weber v Victory Mem. Hosp.,* 98 AD2d 719; *Passalacqua v Banat,* 103 AD2d 769). In the case at bar, defendants' counsel averred that the 10-day delay in serving an answer was due solely to their reliance upon the oral assurance by plaintiffs' counsel that a late answer would be accepted. While an extension of time to answer, to be binding, must be in writing and subscribed by the party to be charged (CPLR 2104), we find that defendants' counsel acted reasonably in relying upon the oral assurance of opposing counsel permitting the service of a late answer (*Vargas v City of New York,* 97 AD2d 379). Admittedly, the answer which was served by defendants 10 days after the expiration of the statutory answering period was defective because it was not properly verified. In their letter which accompanied the answer, defendants informed plaintiffs' counsel that in order to expedite matters they would forward the verification separately. A properly verified answer was eventually served approximately two weeks later. In view of the defendants' good-faith intention to defend the action as well as the fact that they were not in default for a substantial period of time, we conclude that defendants' delay was excusable (*see, Stolpiec v Wiener,* 100 AD2d 931).

Next, we find that the affidavits of merit submitted by the defendants were sufficient to raise several potentially meritori-

ous defenses to plaintiffs' action. Moreover, contrary to plaintiffs' position, the affidavits do not constitute an admission of liability on the part of defendants. While defendants concede the presence of the toxic chemical chlordane in plaintiff's home, they unequivocally deny any responsibility for the cause of the hazardous condition.

Thus, under the circumstances of this case, it is clear that Trial Term did not abuse its discretion in vacating the default. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.