■ HENRI LA MARQUE et al., Appellants-Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents-Appellants.—In an action to recover damages for false imprisonment and defamation, (1) the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated February 7, 1985, which granted the motion of the defendants North Shore University Hospital (hereinafter North Shore) and Dr. Ezra Feuer (hereinafter Feuer) to reargue and renew a prior order of the same court, dated August 24, 1984, and, upon reconsideration, vacated that branch of its prior order which granted the plaintiffs' motion for leave to enter a default judgment against them for failing to answer the complaint, and (2) the defendants North Shore and Feuer appeal from so much of the order of the same court, dated August 24, 1984, as granted the plaintiffs' motion for leave to enter a default judgment against them.

Appeal from the order dated August 24, 1984, dismissed. The portion of the order appealed from was superseded by the

order dated February 7, 1985. Order dated February 7, 1985, affirmed.

The respondents-appellants are awarded one bill of costs.

Contrary to Special Term's finding in its prior order, the failure of North Shore and Feuer to serve an answer does not, within the context of the facts peculiar to this case, constitute a default. Following service of the complaint, the law firm representing the plaintiffs dissolved. There was no evidence in the record of compliance with CPLR 321 (b), which sets forth the requirements for a change of counsel. Due to the confusion created by the apparent gap in the representation of the plaintiffs, we cannot say that North Shore's and Feuer's reliance upon an oral extension of their time to answer granted by one of the partners of the dissolved firm was unjustified. Although we recognize that CPLR 2104 requires a writing subscribed by the attorneys to such an agreement, a party is precluded from invoking CPLR 2104 to avoid an oral stipulation if it appears that the stipulation was made and the adverse party relied thereon (see, Bates Real Estate v Marquette Land Co., 93 AD2d 939; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2104.04). The plaintiffs do not dispute the existence of the oral agreement to extend the time to answer, but claim that the agreement was limited. In the absence of an affidavit from Robert Kaplan, the plaintiffs' former attorney who allegedly set the limitations to the agreement, or any other evidence in the record to support the plaintiffs' contentions, we are unable to find that a default occurred on the ground that the parameters of the oral agreement to extend the time to answer were exceeded.

We view the motion of North Shore and Feuer, which led to the order being appealed from by the plaintiffs as a request for reargument of the court's prior order (cf. Gulledge v Adams, 108 AD2d 950). While we believe that Special Term properly reconsidered its initial determination, our affirmance of the order being appealed is premised upon the lack of a default rather than a finding of an excusable default. We reject the reasoning of Special Term's decision in that respect. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.