■ ALICE VAN NESS, Respondent, v RITE-AID OF NEW YORK, INC., Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 26, 1986 in Albany County, which granted plaintiff's motion for a judgment based upon the parties' stipulation of settlement.

In May 1986 the parties to this personal injury litigation entered into settlement negotiations which came to fruition on or about June 3, 1986, when plaintiff's counsel forwarded an executed general release and stipulation discontinuing the action; it is undisputed that the figure agreed upon, as contained in the release, was $75,000. Defense counsel retained the release, subscribed, and, on June 11, 1986, filed the stipulation of discontinuance in the Albany County Clerk's office. A telephone conversation some two weeks later, during which defendant's counsel apprised plaintiff's attorney that defendant's insurer was experiencing financial difficulty, was followed by a letter dated July 8, 1986 wherein defense counsel informed plaintiff's attorney:

"On June 27, 1986 I checked on the status of your settlement draft.

"I am advised that on June 13, 1986 the insurer of the defendant corporation, Mutual Fire Marine and Inland Insurance Company, was voluntarily placed under the supervision of the Pennsylvania Insurance Department for a period of ninety days. In view of that, I do not have your settlement draft, and I will advise you as soon as I do have it.

"If this situation with the insurance company changes, I will advise you immediately. As a result of this order of the Pennyslvania Insurance Department, all assets and funds of the insurer have been frozen."

When payment was not forthcoming, plaintiff obtained an order to show cause why judgment should not be entered in her favor for $75,000 based upon a stipulation of settlement pursuant to CPLR 2104. Granting the motion, Supreme Court observed that the intent of the parties to settle this actively litigated and fully negotiated lawsuit was "unequivocal".

Defendant's appeal has as its premise that a settlement agreement cannot be said to have been arrived at because the requirements of CPLR 2104 were not rigidly adhered to and,

further, that it was error for Supreme Court to permit plaintiff to enforce the purported settlement by way of a motion since a plenary action was required. We affirm.

That a settlement was indeed arrived at and relied upon is attested to by: the quoted correspondence, implicit in which is defense counsel's tacit, if not express, admission that the case had been amicably resolved; the defense's unmurmuring subscription and filing of the stipulation of discontinuance; and the absence of any dispute whatsoever as to the terms of the settlement. Defendant's insistence that no such agreement can be recognized because the terms of CPLR 2104 were not satisfied in that the out-of-court settlement was not expressly memorialized in some writing signed by defendant or its attorney defies common sense and runs counter to the salutary policy that settlement stipulations are favored by the courts *(Hallock v State of New York,* 64 NY2d 224, 230). The particular circumstances presented, notably defendant's correspondence and subscription and filing of the stipulation discontinuing the action, all undertaken when defendant was undeniably aware of the precise amount of the settlement, make it apparent that the terms of CPLR 2104 were substantially complied with and lead to the eminently reasonable conclusion that defendant is estopped from taking refuge in the technicality that literal compliance was not had with CPLR 2104 *(see, Rhulen Agency v Gramercy Brokerage,* 106 AD2d 725, 728; *Hansen v Prudential Lines,* 118 Misc 2d 568, 575).

Nor do we find fault with the procedure that plaintiff employed to enforce the stipulation *(see, Baumis v General Motors Corp.,* 102 AD2d 961, 962, *after remittal* 117 AD2d 884). Absent proof in the record that this suit was unconditionally terminated, plaintiff was at liberty to proceed by motion or a plenary action *(Teitelbaum Holdings v Gold,* 48 NY2d 51). The reality of the situation here and the negligence law practice generally is such that plaintiff furnished the release and stipulation upon condition, and with a clear if only implicit understanding, that the settlement sum would be paid. Since this action was not unreservedly terminated, proceeding by motion was procedurally proper *(supra,* at 56).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.