OPINION OF THE COURT
Sidney Leviss, J.
In this negligence action to recover for personal injuries allegedly sustained by plaintiffs as a result of the alleged negligence of the defendants in providing building security, defendants move to vacate and set aside the memorandum decision of the court dated May 4, 1987, which granted, *229 without opposition, plaintiff Relaford’s motion to direct defendants to make an immediate payment to plaintiff Relaford in the amount of $95,000 according to the terms of a settlement entered into between the parties and to direct the clerk to enter judgment in favor of plaintiff Relaford, in that amount, together with interest, from the date of settlement. By separate notice of motion, defendants moved again for the same relief. By a further separate notice of motion, brought on by order to show cause, defendants move to vacate that portion of the order of this court dated June 23, 1987, which directed defendant to make immediate payment of the amount of the settlement. In the alternative, defendants move to stay the June 23, 1987 order pending the appeal. Plaintiff cross-moves to vacate the temporary stay issued by the court in the order to show cause dated July 13, 1987. The determination of all of the above motions will be incorporated in this one decision.
The plaintiff’s cross motion to vacate the temporary stay is denied as moot since upon this determination the stay is vacated by its terms.
In light of the willingness and consent by plaintiff Relaford’s attorney, as set forth in stipulations attached, to vacate the various orders and memorandum of the court which were granted without opposition and whereas it appears that, prior hereto, this court never had before it all of the papers submitted on the motions, the defendants’ motions are granted to the extent that the memorandum decision of this court dated May 4, 1987 and the order of the court dated June 23, 1987 are vacated. Now, based upon all the papers submitted by both sides the following decision on the plaintiff’s original motion is substituted in their place and stead.
Among the many papers submitted is the affidavit of Burl Hosten, a "Litigation Specialist” in the claims department of the New York office of Employers Insurance of Wausau, the primary insurance carrier for Lefrak Organization, Inc. Mr. Hosten avers therein that, after considerable discovery and disclosure, on December 2, 1986 he agreed with plaintiff’s attorney to settle the Relaford action for $95,000. According to Mr. Hosten, the "settlement negotiations were carried out in good faith!’. Hosten further states that on December 4, 1986, he received from Relaford’s attorney closing documents including a signed general release and stipulation of discontinuance. Hosten then claims that upon calling Employers’ home office he received instructions not to pay the check or any other Lefrak claim because Employers had already paid up *230 "to the ceiling” of its policy with Lefrak and that it was the responsibility of Lefrak’s excess carrier to follow through with payment of the settlement. Consequently, defendants’ counsel never signed the stipulation of discontinuance and due to a dispute between the defendants’ primary and excess carrier, the plaintiff has not been paid.
Under the facts and circumstances of this case, where defendants concede that settlement negotiations were carried out in good faith, where there is no dispute as to the terms of the settlement agreement and where in reliance thereon plaintiff Relaford signed a general release and stipulation of discontinuance, the defendants should not be permitted to avoid the oral out-of-court stipulation of settlement by relying on the technicality that there was not literal compliance with CPLR 2104 (Van Ness v Rite-Aid of N. Y., 129 AD2d 931; La Marque v North Shore Univ. Hosp., 120 AD2d 572; Rhulen Agency v Gramercy Brokerage, 106 AD2d 725; Hansen v Prudential Lines, 118 Misc 2d 568; 2A Weinstein-Korn-Miller, NY Civ Prac K 2104.04).
Accordingly, the plaintiff’s motion to direct defendants to make immediate payment to the plaintiff Relaford of $95,000 in accordance with the terms of the stipulated settlement is granted.