■ ANGELA SMITH, Plaintiff, and DEMONTHENES N. RELAFORD, Respondent, v LEFRAK ORGANIZATION, INC., et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from so much of a judgment of the Supreme Court, Queens County (Leviss, J), entered November 19, 1987, as adjudged that the plaintiff Demonthenes Napolean Relaford recover of the defendants the principal sum of $95,000 pursuant to their agreement to settle the action. The appeal brings up for review an order of the same court dated November 10, 1987, which, inter alia, directed the Clerk of the Supreme Court, Queens County, to enter judgment in favor of Relaford in the principal amount of $95,000 (see, CPLR 5501 [a] [1]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Generally, stipulations of settlement must be in writing and subscribed by the parties, reduced to the form of an order and entered, or made between counsel in open court (see, CPLR 2104). However, where there is no dispute between the parties as to the terms of the agreement, the courts will refuse to permit the use of this rule against a party who has been misled or deceived by the oral agreement to his detriment or who has relied upon it (see, La Marque v North Shore Univ. Hosp., 120 AD2d 572; Van Ness v Rite-Aid of N. Y., 129 AD2d 931; Rhulen Agency v Gramercy Brokerage, 106 AD2d 725; Hansen v Prudential Lines, 118 Misc 2d 568). In the case at bar, the Supreme Court properly determined that the defendants were estopped from relying upon CPLR 2104 to set aside the parties' oral settlement agreement.

According to the affirmation of the defendants' attorney and the affidavit of the litigation specialist employed by the defendants' insurance company, the parties agreed to settle the plaintiff Relaford's action for $95,000 on December 2, 1986. In reliance thereon, Relaford signed a general release and stipulation of discontinuance and sent these documents to the defendants' attorney on December 4, 1986, to be held in escrow pending receipt of the settlement proceeds. Moreover, Relaford consented to a judgment and warrant of eviction from his residence, and purchased a limousine for his new occupation, in reliance upon receiving the settlement proceeds to pay for these commitments. However, the defendants failed to remit the settlement proceeds, apparently because the aggregate had been breached on its primary insurance policy, and its excess insurance carrier had not determined that it was liable under the excess policy. As noted by the defendants' attorney and the litigation specialist, these issues must be resolved between the defendants and their insurance carriers. They cannot serve to deny payment to Relaford under the settlement agreement.

The defendants' claim that Relaford was not entitled to rely upon the representations of the litigation specialist who negotiated the settlement is without merit. Since the defendants' attorney knew of and ratified the settlement, and since the insurance company had litigated the action on behalf of the defendants from the outset, the litigation specialist had the apparent authority to enter into the settlement, and Relaford had the right to rely upon his representations (see, Hallock v State of New York, 64 NY2d 224).

Finally, the defendants' reliance upon the doctrine of impossibility of performance, and upon the claim that the agreement was not enforceable by way of motion in the underlying action is misplaced (see, Teitelbaum Holdings v Gold, 48 NY2d 51; HCE Assocs. v 3000 Watermill Lane Realty Corp., 131 AD2d 543; Van Ness v Rite-Aid of N. Y., 129 AD2d 931, supra). Rubin J. P., Kooper, Sullivan and Balletta, JJ., concur. [See, 137 Misc 2d 228.]