OPINION OF THE COURT
Dan Lamont, J.
Plaintiff moves for a judgment based upon the parties’ stipulation of settlement. Defendant opposes upon the ground that the alleged stipulation of settlement does not comply with the requirements of CPLR 2104. For the reasons which follow, this court holds and determines that plaintiff’s motion for judgment should be granted.
This action relates to an oral contract between the parties which provided for defendant rebuilding the engine on a 1969 *721 Chevrolet truck owned by plaintiff, and plaintiff paying $2,500 to defendant and transferring a 1981 GMC truck to defendant.
Settlement negotiations came to fruition in early November 1990. Defendant was to pay plaintiff the sum of $1,100 and return the 1969 Chevrolet truck and toolboxes; plaintiff was to transfer a 1981 GMC truck to defendant; and the parties were to exchange general releases.
On November 9, 1990, plaintiff’s counsel detailed the precise terms of the stipulation of settlement in a letter to defendant’s counsel, and forwarded an executed general release and stipulation discontinuing the action. On November 15, 1990, defendant’s counsel sent plaintiff’s counsel the following letter, signed by his secretary, with a copy to defendant:
"I was unable to contact you by telephone today. Mr. Chichester has informed me that he is willing to accept the settlement proposal set forth in your letter of November 9. However, he would not be able to make payment of the $1,100 until November 29th.”
"We are proposing that payment and the title be exchanged on November 29th, and that the boxes can be exchanged that day or as soon thereafter as mutually convenient for the clients. Unless I hear differently, I assume that we will close this transaction on the 29th.”
CPLR 2104 provides as follows: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.” (Emphasis supplied.)
Defendant contends that a stipulation of settlement cannot be found and enforced by the County Court because the requirements of CPLR 2104 were not rigidly adhered to.
This court holds and determines that a settlement was in fact arrived at and relied upon as attested to by various correspondence, including the quoted correspondence — implicit in which is defense counsel’s express admission that the case was settled — and the absence of any dispute whatsoever as to the terms of the settlement. This court further holds and determines that the letter signed by defense counsel’s secretary constitutes a writing subscribed by a parties’ attorney sufficient to satisfy the requirements of CPLR 2104. In addition, the motion papers demonstrate that plaintiff and defendant met and swapped the items of personal property that *722 were to be traded, and that plaintiff signed the registration to the 1981 GMC truck, which registration was forwarded to defense counsel.
This court holds and determines that the provisions of CPLR 2104 were substantially complied with and that defendant is estopped from delaying payment of the $1,100 and taking refuge in the technicality that CPLR 2104 has not been precisely complied with (see, Van Ness v Rite-Aid of N Y, 129 AD2d 931 [3d Dept 1987]). Plaintiff’s motion for judgment against defendant in the sum of $1,100, plus interest from November 29, 1990, plus costs and disbursements should be and the same hereby is granted.
Plaintiff’s motion for attorney’s fees should be and the same hereby is denied. The defendant’s failure to pay the $1,100 settlement amount does not constitute "frivolous conduct” under the definition contained in part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR part 130).