■ LEEMILT'S PETROLEUM, INC., Respondent, v PUBLIC STOR-AGE, INC., Defendant, and CHICAGO TITLE INSURANCE COM-PANY, Appellant. [597 NYS2d 463] —In an action, *inter alia,* to recover certain funds deposited in an escrow account, the defendant Chicago Title Insurance Company appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated November 21, 1990, which denied its motion to vacate a default judgment entered against it on September 20, 1990.

Ordered that the order is reversed, on the law, without costs or disbursements, the appellant's motion is granted, and the default judgment entered September 20, 1990, is vacated.

Although CPLR 2104 requires that "an extension of time to answer, to be binding, must be in writing and subscribed by the party to be charged" *(Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908; *see also, Tate v Fusco,* 103 AD2d 869), a party is precluded from invoking CPLR 2104 to avoid an oral stipulation if it appears that the stipulation was made and that the adverse party relied upon it *(see, La Marque v North Shore Univ. Hosp.,* 120 AD2d 572; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2104.04). In the instant case, the plaintiff's attorney admits that on July 26, 1990, prior to the expiration of the appellant's time to answer, he orally agreed to grant the appellant "a brief extension of time to answer". Moreover, while there is some dispute as to the terms of the oral agreement, it is uncontroverted that on September 6, 1990, the plaintiff's attorney advised the appellant that its extension of time would expire on September 14, 1990. Under these circumstances, we cannot say that the appellant's reliance upon the oral extension was unjustified, and that the appellant was in default when it served its answer on September 10, 1990 *(see, La Marque v North Shore Univ. Hosp., supra).* Accordingly, the appellant's motion to vacate the default judgment entered against it on September 20, 1990, is granted. Balletta, J. P., Eiber, and Santucci, JJ., concur.

O'Brien, J., dissents and votes to affirm the order appealed from, with the following memorandum: The purpose of the requirement of a written stipulation in CPLR 2104 is to remove the court from disputes such as this between attorneys *(see, Bates Real Estate v Marquette Land Co.,* 93 AD2d 939; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2104.04). Although courts have declined to enforce the rule where a party can establish that it justifiably relied on an oral stipulation *(see, e.g., La Marque v North Shore Univ. Hosp.,* 120 AD2d 572; *Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908), I

believe that this exception should be applied sparingly and not in cases where, as here, the evidence that the parties even entered into an oral stipulation is extremely weak. Accordingly, I would find that the appellant was in default when it served its answer on September 10, 1990.

Further, it is well settled that a party seeking to vacate a default in answering must establish that there is a reasonable excuse for the delay and that there exists a meritorious claim or defense (*see, McFadden v Battaglia,* 159 AD2d 700; *Cooper Motor Leasing v Data Discount Ctr.,* 125 AD2d 454). The appellant failed to establish that it has a meritorious defense to this action. I would therefore affirm the Supreme Court's denial of the motion to vacate its default.