■ AUGUST E. ANDERSON et al., Appellants, v EDWARD MAZZA et al., Respondents. [615 NYS2d 489] —Yesawich Jr., J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered April 1, 1993, which, *inter alia,* granted defendants' motion for a protective order.

This action, arising out of a dispute over claims to certain real property in the Town of Hancock, Delaware County, was commenced in October 1986. After issue was joined, the parties scheduled depositions of their respective surveyors to take place on March 4, 1988. Because plaintiffs' surveyor was ill on that date and unable to be deposed, the parties' attorneys agreed that they would continue as planned with the examination of defendants' surveyor, George Fulton, but that his testimony would not be transcribed until after plaintiffs' surveyor had also been deposed. This agreement was placed on the record. Plaintiffs' surveyor having died before he was able to be questioned, plaintiffs obtained a new surveyor, Norman Van Valkenburgh. Plaintiffs have also procured new counsel.

After some discussion, defendants' attorney agreed that both Van Valkenburgh and Fulton would be deposed on December 6, 1991 provided that Van Valkenburgh was examined first. This in fact occurred, and after Fulton's new testimony was transcribed, corrected and returned, plaintiffs' counsel obtained a transcript of Fulton's March 1988 deposition, which was forwarded to defendants' counsel to be signed and returned. Defendants refused to return the transcript and objected to plaintiffs' use thereof, claiming that it was obtained in violation of the parties' March 1988 agreement and also in contravention of an agreement, entered into by counsel before the later depositions, that Fulton's 1991 deposition

testimony was to be obtained in lieu of his earlier testimony, which was not to be transcribed or used. Plaintiffs disagreed with these assertions, prompting defendants to bring the present motion for a protective order pursuant to CPLR 3103. Except for the imposition of a monetary sanction, County Court granted the relief requested. Plaintiffs appeal.

Examination of the 1988 deposition transcript shows that the agreement not to transcribe Fulton's testimony was only to be in force until plaintiffs' surveyor had been deposed. Defendants' attorney acknowledged that "[a]s soon as he [plaintiffs' surveyor] testifies, my right to prevent the testimony from being transcribed is gone". Although the demise of plaintiffs' surveyor was not contemplated, it is clear from the context of the agreement that it was not made with any particular reference to that expert, but rather with the intent of ensuring that plaintiffs' expert not be given the advantage of an opportunity to review Fulton's testimony prior to his or her own deposition. It is also apparent that, had Fulton not been deposed again, defendants would have had no grounds for objecting to the use of his original testimony once plaintiffs' new surveyor had been examined. In short, this agreement was not breached.

As for defendants' claim that plaintiffs' attorney purportedly agreed prior to Fulton's second deposition that Fulton's first examination would not be transcribed, the fact remains that absent a signed writing, court order or a stipulation made in open court, such an agreement is not considered binding (see, CPLR 2104). Defendants' counsel urges that his consent to Fulton's second deposition would not have been forthcoming absent an agreement not to use the prior testimony, and that this is sufficient evidence of reliance to warrant disregard of the formalities required by CPLR 2104 (see, Leemilt's Petroleum v Public Stor., 193 AD2d 650). This might be so if the parties did not dispute the very existence of an agreement (see, Smith v Lefrak Org., 142 AD2d 725; La Marque v North Shore Univ. Hosp., 120 AD2d 572, 573); here, however, there is no evidence to substantiate defendants' claim that plaintiffs' attorney agreed not to use the first transcript.

There being no binding agreement between the parties or their attorneys prohibiting transcription and use of Fulton's 1988 deposition testimony, and defendants having made no compelling showing of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice", issuance of the protective order was improper (CPLR 3103 [a]; see, Brignola v Pei-Fei Lee, 192 AD2d 1008, 1009).

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' motion for a protective order; said motion denied; and, as so modified, affirmed.