■ JULIUS DESIMONE et al., Doing Business as CECILIA DE-SIMONE HAULING CONTRACTORS, Appellants, v BARRY, BETTE &

LED DUKE, INC., Respondent. [675 NYS2d 737] —Order reversed on the law without costs, motion denied and default judgment reinstated. Memorandum: Supreme Court erred in granting defendant's motion to vacate the default judgment (*see, Fennell v Mason*, 204 AD2d 599). A party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (*Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *see, Fennell v Mason, supra*). The parties agree that extensions of time to answer the complaint in plaintiffs' first action were granted to defendant. Plaintiffs, however, failed to serve a timely complaint in that action, and they commenced a second action in February 1996. No answer or other response to the second complaint was filed by defendant, and plaintiffs were granted a default judgment in August 1996. In support of its motion to vacate that judgment, defendant asserted that no default occurred because, on May 28, 1996, its former attorney had been granted an oral extension of time to answer the second complaint. "Although CPLR 2104 requires that 'an extension of time to answer, to be binding, must be in writing and subscribed by the party to be charged' [citations omitted], a party is precluded from invoking CPLR 2104 to avoid an oral stipulation if it appears that the stipulation was made and that the adverse party relied upon it" (*Leemilt's Petroleum v Public Stor.*, 193 AD2d 650). The conclusory assertion by defendant's former attorney that he obtained an oral extension is disputed by plaintiffs, who submitted proof establishing that no one authorized to grant such an extension was present in plaintiffs' attorney's office when defendant's former attorney telephoned on May 28, 1996 and that the secretary who answered the phone denied granting an extension (*cf., Leemilt's Petroleum v Public Stor., supra*, at 650; *La Marque v North Shore Univ. Hosp.*, 120 AD2d 572, 573). In addition, defendant's former attorney failed to confirm the alleged extension in writing, even though he had repeatedly confirmed in writing the unlimited extension of time granted by plaintiffs with respect to the first complaint. Thus, it does not appear on this record that an oral stipulation was made. Defendant argues on appeal that, even if there were no extension, law office failure would support vacatur of the judgment. Defendant failed, however, to allege facts constituting law office failure. "A 'vague and unsubstantiated claim of law office failure' is insufficient to constitute a reasonable excuse" (*Brown v Baghdady*, 226 AD2d 1137). Because defendant failed to show a reasonable excuse for its failure to interpose a timely answer, the court erred in vacating the default judgment.

All concur except Callahan, J., who dissents and votes to affirm. (Appeal from Order of Supreme Court, Oneida County, Grow, J., for Tenney, J., pursuant to CPLR 9002—Vacate Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.