■ Gloria Lowe et al., Appellants, v Lynn Steinman, Respondent. [728 NYS2d 56] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated September 13, 2000, which granted the defendant's motion, in effect, to vacate an order of the same court dated June 28, 2000, granting the plaintiffs' motion to enforce a settlement agreement upon her default in appearing for oral argument, and thereupon denied that motion.

Ordered that the order is reversed, on the law and as a mat-

ter of discretion, with costs, the defendant's motion is denied, the plaintiffs' motion is granted, and the order dated June 28, 2000, is reinstated.

On January 4, 2000, a claims representative employed by the defendant's insurance company offered the plaintiffs' attorney $10,000 to settle this personal injury action. After the plaintiffs accepted the offer, the claims representative sent the plaintiffs' attorney a release in the amount of $10,000, requesting that it be executed by the injured plaintiff. The plaintiffs' attorney returned the signed release to the insurance company, accompanied by a stipulation of discontinuance. Although the insurance company forwarded a $10,000 settlement check to the plaintiffs' attorney, it subsequently stopped payment on the check, asserting that its claims representative had been unaware of the fact that a motion for summary judgment made by the defendant several months earlier had actually been granted on November 26, 1999. The plaintiffs then moved to enforce the settlement agreement. When the defendant's attorneys failed to appear for oral argument on the motion, the court granted it on default. The defendant subsequently moved, in effect, to vacate the order dated June 28, 2000. The court granted the defendant's motion, and upon vacating the order dated June 28, 2000, denied the plaintiffs' motion to enforce the settlement agreement.

A defendant seeking to be relieved from an order entered upon his or her default must show a reasonable excuse for the default and the existence of a meritorious defense (*see, Presbyterian Hosp. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299; *Burns v Casale,* 276 AD2d 734; *Parker v City of New York,* 272 AD2d 310). The defendant's explanation for her default was law office failure, which the court in its discretion could accept as a reasonable excuse (*see, Presbyterian Hosp. v New York Cent. Mut. Ins. Co., supra; Burns v Casale, supra*). However, the defendant did not sustain her burden of demonstrating that she had a reasonable defense to the plaintiff's motion to enforce the settlement agreement.

Although an out-of-court settlement agreement must be in writing and subscribed by the parties (*see,* CPLR 2104), "the courts will refuse to permit the use of this rule against a party who has been misled or deceived by the oral agreement to his [or her] detriment or who has relied upon it" (*Smith v Lefrak Org.,* 142 AD2d 725). Here, there is no dispute between the parties as to the terms of the settlement agreement, and the plaintiffs relied upon the agreement to their detriment by withdrawing a pending appeal from the order awarding the de-

fendant summary judgment. Under these circumstances, the failure to comply with the terms of CPLR 2104 does not render the settlement agreement unenforceable (*see, Smith v Lefrak Org. supra; Van Ness v Rite-Aid of N. Y.,* 129 AD2d 931). Furthermore, while the defendant also sought to rescind the settlement agreement upon the ground of mistake, the alleged mistake of fact was attributable to the negligence of the insurance company representative who made the settlement offer, and thus does not constitute a basis to rescind the agreement (*see, Da Silva v Musso,* 53 NY2d 543, 552; *Industron Assocs. v United Innovations,* 259 AD2d 592; *Kaplan v Goldbaum,* 258 AD2d 620; *Weissman v Bondy & Schloss,* 230 AD2d 465). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.