■ In the Matter of MORSE HILL ASSOCIATES, LLC. RICHARD T. SINROD, Appellant; STEPHANIE SAMUELS et al., Respondents. (Appeal No. 1.) In the Matter of MORSE HILL ASSOCIATES, LLC. RICHARD T. SINROD, Respondent-Appellant; STEPHANIE SAMUELS et al., Appellants-Respondents. (Appeal No. 2.) [855 NYS2d 652]—

In a proceeding pursuant to Limited Liability Company Law § 702 to dissolve Morse Hill Associates, LLC, (1) the petitioner, Richard T. Sinrod, appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 12, 2006, as denied his motion to enforce a purported stipulation of settlement between the parties, whereby Stephanie Samuels and Lynn Reed, members of the limited liability company, would purchase the petitioner's interest in the company for the sum of $75,000, and (2) Stephanie Samuels and Lynn Reed separately appeal from a judgment of the same court entered November 8, 2006, which is in favor of the petitioner and against each of them in the principal sum of $75,000, and the petitioner cross-appeals from the same judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal from the judgment is dismissed, as the petitioner is not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the petition; and it is further,

Ordered that one bill of costs is awarded to Stephanie Samuels and Lynn Reed.

The petitioner's appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals by Stephanie Samuels and Lynn Reed from the judgment (*see* CPLR 5501 [a] [1]). In addition, although the petitioner's cross appeal from the judgment must be dismissed since the petitioner is not aggrieved thereby (*see* CPLR 5511), the issues raised on the cross appeal have been considered in support of the petitioner's contention that the judgment should be affirmed (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]).

In an order dated September 12, 2006 the Supreme Court correctly held that a purported stipulation of settlement between the parties was not enforceable. The settlement document itself provided that it would not be enforceable unless ex-

ecuted by all parties. Having been signed by only two out of three parties, the document was unenforceable by its own terms (*see generally McWade v McWade,* 253 AD2d 798 [1998]). A letter written by the attorney for the party who did not sign the document was not sufficient to render the purported settlement enforceable (*see* CPLR 2104; *Bonnette v Long Is. Coll. Hosp.,* 3 NY3d 281 [2004]; *Maldonado v Novartis Pharms. Corp.,* 40 AD3d 940 [2007]; *DeVita v Macy's E., Inc.,* 36 AD3d 751 [2007]; *Barrett v Carela,* 33 AD3d 830 [2006]; *cf. Lowe v Steinman,* 284 AD2d 506 [2001]; *Smith v Lefrak Org.,* 142 AD2d 725 [1988]).

Although the Supreme Court denied the petitioner's motion to enforce the purported stipulation, it nevertheless entered judgment in favor of the petitioner in the amount of the settlement. Since the Supreme Court had no basis upon which to do so, the judgment must be reversed, and we remit the matter to the Supreme Court, Dutchess County, for further proceedings on the petition. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.