■ VINCENT DESTASO, Respondent, v PETER A. BOTTIGLIERI, Appellant, et al., Defendants. [861 NYS2d 676]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendant Peter A. Bottiglieri appeals from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered September 11, 2007, as granted that branch of the plaintiff's motion which was for leave to enter judgment against him on the issue of liability, upon his default in appearing or answering.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to enter judgment against the appellant on the issue of liability is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Initially, the defendant Peter A. Bottiglieri (hereinafter the defendant) claims that the Supreme Court lacked personal jurisdiction over him because of improper service of process. In view of the conflicting affidavits submitted on this issue, the Supreme Court should have conducted a hearing to determine whether the summons and complaint was served upon a person of "suitable age and discretion" (CPLR 308 [2]; see Jefferson v Netusil, 44 AD3d 621 [2007]; Mauro v Mauro, 13 AD3d 345, 346 [2004]; Household Fin. Realty Corp. of N.Y. v Brown, 13 AD3d 340, 341 [2004]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing on the issue of whether the defendant was properly served (see Campbell v Johnson, 264 AD2d 461 [1999]; Akhtar v Cavalieri, 255 AD2d 275 [1998]).

In order to avoid the entry of a default judgment upon his failure to appear or answer, the defendant was required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Giovanelli v Rivera, 23 AD3d 616 [2005]; Mjahdi v Maguire, 21 AD3d 1067 [2005]; Thompson v Steuben Realty Corp., 18 AD3d 864 [2005]).

The defendant's excuse for failing to appear in this action was that the plaintiff told him that "it was a mistake by his lawyer and that he would tell his lawyer to withdraw the papers." The

plaintiff neither denied this statement nor contradicted it in any of his papers (*see Jaffery v MacMillan & Webb Enters., Inc.,* 27 AD3d 422 [2006]; *Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908 [1985]; *Tamimi v Tamimi,* 38 AD2d 197 [1972]). As the plaintiff failed to deny making the oral statement that he would withdraw the action, the defendant's reliance upon this statement constituted a reasonable excuse for his failure to appear in this action.

The defendant also sufficiently established the existence of a meritorious defense in this action. Pursuant to General Obligations Law § 5-501, it is illegal to charge or receive any money, goods, or things in action as interest on the loan or forbearance of any money, goods, or things in action, at a rate exceeding 16% per annum, the maximum rate prescribed in Banking Law § 14-a (*see* General Obligations Law § 5-501 [2]; Banking Law § 14-a [1]; 3 NYCRR 4.1; *Matias v Arango,* 289 AD2d 459 [2001]). Here, the loans the plaintiff made to the defendant were given in consideration of the payment of 18% and 22% interest, more than the legal rate of interest.

Further, the contract entered into by the plaintiff and the defendant for the sale of property co-owned by the defendant provided, in pertinent part, that if the reasonably estimated aggregate cost to remove violations exceeded one-half percent of the purchase price of $570,000, which is $2,850, then the seller shall have the right to cancel the contract, unless the purchaser elects to accept title subject to all violations, in which event the purchaser shall be entitled to a credit of an amount equal to the $2,850 against the monies payable at the closing. The record shows that $10,000 was distributed to the plaintiff at the closing, an amount clearly sufficient to cover all violations. Accordingly, that branch of the plaintiff's motion which was for leave to enter judgment on the issue of liability against the defendant was improperly granted. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.