LYNN REED, Appellant, v CORNELL UNIVERSITY et al., Respondents. [955 NYS2d 403]—

In October 2005, the plaintiff commenced this action against the defendants to recover damages for breach of contract and negligence. The defendants answered the complaint in December 2005, and the parties conducted discovery. The parties conducted depositions in June 2007, and the defendants thereafter served supplemental discovery demands upon the plaintiff.

While discovery was pending in this action, the plaintiff was involved as a respondent in another proceeding, entitled *Matter of Morse Hill Assoc., LLC*, and commenced in the Supreme Court, Dutchess County, under index No. 1621/04, to dissolve Morse Hill Associates, LLC, pursuant to Limited Liability Company Law § 702. A judgment in the amount of $75,000 was entered against her in the *Morse Hill* proceeding, and the Supreme Court in this action entered an order enjoining any payment of money damages in this action to the plaintiff while the *Morse Hill* judgment remained unsatisfied. The plaintiff appealed the judgment in the *Morse Hill* proceeding and this Court reversed the judgment in a decision and order dated April 15, 2008 (*see Matter of Morse Hill Assoc., LLC*, 50 AD3d 906 [2008]). Subsequently, in an order dated January 12, 2010, the Supreme Court, as a consequence of the reversal of the judgment in the *Morse Hill* proceeding, lifted the injunction entered in this action.

On July 8, 2010, the plaintiff served the defendants with notice that she intended to call an expert witness at the time of

trial. On October 22, 2010, the plaintiff served the defendants with a response to their supplemental and second supplemental discovery demands.

On April 12, 2011, the plaintiff filed a note of issue. The defendants moved, in effect, to strike the note of issue on the ground that discovery, which included a nonparty witness deposition and a supplemental response to their second supplemental discovery demand, remained outstanding. The Supreme Court, in an order dated August 8, 2011, struck the note of issue on the ground that this case had already been dismissed in 2007. The order recited that the plaintiff "would have to move to vacate the dismissal and restore the matter, and would have to provide the court with an explanation of what occurred and a legal basis to re-open this case." The plaintiff thereafter moved, inter alia, in effect, to restore this action to the trial calendar. In an order entered January 18, 2012, the Supreme Court denied the plaintiff's motion on the ground that she did not provide a reasonable excuse for her delay in conducting discovery, and had engaged in willful and dilatory conduct by failing to provide the defendants with the deposition transcripts of their witnesses. The plaintiff appeals from both orders.

The Supreme Court incorrectly held that the case had been dismissed in 2007, and there is nothing in the record that would support such a conclusion (*see Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 658 [2012]; *Matter of Transtechnology Corp. v Assessor*, 71 AD3d 1034, 1037 [2010]; *Express Shipping, Ltd. v Gold*, 63 AD3d 669, 671 [2009]; *see also Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504, 505 [1997]; *Tolmasova v Umarova*, 90 AD3d 1028, 1029 [2011]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]; *Patel v MBG Dev., Inc.*, 41 AD3d 682, 682-683 [2007]). Thus, the Supreme Court improperly granted the defendants' motion to strike the note of issue on the ground that the action had been dismissed in 2007, and, as a consequence, improperly imposed a requirement upon the plaintiff to move to vacate that dismissal. In light of the foregoing, the action should have been restored and the note of issue should not have been stricken. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, to restore this action to the trial calendar without considering whether the plaintiff had a reasonable excuse for the delay or whether she engaged in dilatory conduct (*see Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974-975 [2006]; *Corporate Visions, Inc. v Sterling Promotional Corp.*, 21 AD3d 983, 983 [2005]; *Klevanskaya v Khanimova*, 21 AD3d 350, 350 [2005]; *Khaolaead v Leisure Video*, 18 AD3d 820, 821 [2005]; *Bar-El v Key Food*

*Stores Co., Inc.*, 11 AD3d 420, 421 [2004]; *Kallicharan v Coombes Props., Inc.*, 7 AD3d 578, 579 [2004]; *Farley v Danaher Corp.*, 295 AD2d 559, 560 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 200 [2001]).

The defendants' remaining contentions are without merit. Florio, J.P., Leventhal, Austin and Roman, JJ., concur.