Prompt Medical Supply, Inc., as Assignee of Gladstone Lawrence, Appellant, 
against
State Farm Mutual Auto Ins. Co., Respondent.




Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Rossillo & Licata, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered December 7, 2016. The order granted defendant's motion to vacate a judgment of that court entered October 12, 2016 upon defendant's failure to appear or answer the complaint, and to compel plaintiff to accept defendant's late answer.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion to vacate a judgment of that court entered October 12, 2016 upon defendant's failure to appear or answer the complaint, and to compel plaintiff to accept defendant's late answer.
A defendant seeking to vacate a default in appearing or answering based on an excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]).
Contrary to plaintiff's contention, the Civil Court did not improvidently exercise its discretion in finding that defendant had established a reasonable excuse for not timely answering the complaint, in that defendant had reasonably believed that plaintiff might withdraw the action and, in any event, plaintiff had told defendant that it would not commence any default proceedings (see DeStaso v Bottiglieri, 52 AD3d 453, 455 [2008]; Saltzman v Knockout Chem. & Equip. Co., 108 AD2d 908, 908 [1985]). Contrary to plaintiff's further argument, defendant [*2]demonstrated that it had a potentially meritorious defense in that plaintiff had failed to provide requested verification.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019