Pennymac Corp. v Shelby (2021 NY Slip Op 00183)





Pennymac Corp. v Shelby


2021 NY Slip Op 00183


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-02792
 (Index No. 511826/14)

[*1]Pennymac Corp., appellant, 
v
Elliot Shelby, respondent, et al., defendants.


Zeichner Ellman & Krause LLP, New York, NY (Philip S. Rosen of counsel), for appellant.
Oved & Oved LLP, New York, NY (Jonathan A. Lynn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 19, 2017. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Elliot Shelby and for an order of reference, and granted the cross motion of the defendant Elliot Shelby pursuant to CPLR 3012(d) to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed, with costs.
In November 2014, the plaintiff commenced this action against, among others, the defendant Elliot Shelby (hereinafter the defendant) to foreclose on a mortgage on certain real property in Brooklyn. A prior foreclosure action had been commenced in 2006 against the defendant, among others, by the plaintiff's predecessor in interest involving the same mortgage and property as this action, but was dismissed in July 2014 for failure to prosecute.
Without answering, the defendant moved in June 2015 to dismiss the complaint in this action insofar as asserted against him as time-barred. In April 2016, the Supreme Court denied the motion as untimely filed and, in June 2017, denied the defendant's motion for leave to reargue.
Thereafter, the defendant attempted to serve an answer on the plaintiff. The plaintiff rejected the defendant's answer as untimely, and immediately moved for leave to enter a default judgment against the defendant and for an order of reference. The defendant then cross-moved pursuant to 3012(d) to compel the plaintiff to accept his late answer. In an order dated December 19, 2017, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
In order to avoid the entry of a default judgment upon his failure to answer, the defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see DeStaso v Bottiglieri, 52 AD3d 453, 454). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (see Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163), and should be based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether [*2]there has been willfulness, and the strong public policy in favor of resolving cases on the merits (see Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857-858).
Here, the defendant demonstrated a reasonable excuse for his delay in answering the complaint, as his counsel acted reasonably in relying upon the oral assurances of opposing counsel permitting service of a late answer (see Saltzman v Knockout Chem. & Equip. Co., 108 AD2d 908, 908; see also DeStaso v Bottiglieri, 52 AD3d at 454-455), and there is no evidence that the plaintiff was prejudiced by the defendant's delay in answering (see McKiernan v Vaccaro, 168 AD3d 826, 827; Jong Gwon Kim v Strippoli, 144 AD3d 982, 984).
In addition, the defendant's statute of limitations argument constitutes a prima facie showing of a potentially meritorious defense (see Shapiro v Chawla, 55 AD3d 898, 899; see e.g. HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515).
Since CPLR 3012(d) provides that the Supreme Court may compel a plaintiff to accept an untimely answer, "'upon such terms as may be just and upon a showing of reasonable excuse for delay or default'" (Jong Gwon Kim v Strippoli, 144 AD3d at 983, quoting CPLR 3012[d]), we also agree with the court's determination granting the defendant's cross motion.
The plaintiff's remaining contentions are without merit.
Additionally, in light of this determination, we agree with the Supreme Court's determination denying the branch of the plaintiff's motion which was for an order of reference as academic (see e.g. JBBNY, LCC v Dedvukaj, 171 AD3d 898, 902).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court