Xchange Telecom, LLC v Knobloch (2022 NY Slip Op 06832)

Xchange Telecom, LLC v Knobloch

2022 NY Slip Op 06832

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-13455
 (Index No. 524010/18)

[*1]Xchange Telecom, LLC, respondent,
v
Abe Knobloch, et al., appellants.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Andrea J. Caruso, John Cahalan, and Dechert LLP [Michael H. McGinley, pro hac vice], of counsel), for appellants.
Garson Segal Steinmetz Fladgate LLP, New York, NY (Michael Steinmetz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 20, 2019. The order granted the plaintiff's motion for leave to enter a default judgment against the defendants.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for leave to enter a default judgment against the defendants is denied.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment against the defendants. Considering the evidence that the default was not willful, the relatively short delay between the expiration of the defendants' time to answer and the filing of the plaintiff's motion for leave to enter a default judgment, the lack of prejudice to the plaintiff resulting from the delay, the existence of potentially meritorious defenses to the action, and the strong public policy favoring the resolution of cases on the merits, the plaintiff's motion should have been denied (see Pennymac Corp. v Shelby, 190 AD3d 759; Grammas v Lockwood Assoc., LLC, 107 AD3d 947; Shapiro v Chawla, 55 AD3d 898).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court