Biton v 641 Midwood, LLC (2024 NY Slip Op 03158)

Biton v 641 Midwood, LLC

2024 NY Slip Op 03158

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06126
 (Index No. 507820/21)

[*1]Eli Biton, respondent, 
v
641 Midwood, LLC, appellant, et al., defendant.

Nissan Shapiro Law, P.C. (The Zweig Law Firm P.C., Woodmere, NY [Jonah S. Zweig and Daniel P. Rifkin], of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant 641 Midwood, LLC, appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 8, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant 641 Midwood, LLC, and denied, as untimely, that branch of that defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant 641 Midwood, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant 641 Midwood, LLC, payable by the plaintiff.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to certain property located in Brooklyn. The plaintiff subsequently moved, among other things, for leave to enter a default judgment against the defendant 641 Midwood, LLC (hereinafter the defendant), upon its failure to appear or answer the complaint. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated July 8, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied, as untimely, that branch of the defendant's cross-motion. The defendant appeals.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant. Considering the evidence that the default was not willful, the relatively short delay between the expiration of the defendant's time to answer and the filing of the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant, the lack of prejudice to the plaintiff resulting from the delay, the existence of a potentially meritorious defense to the action, and the strong public policy favoring the resolution of cases on the merits, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant should have been denied (see Xchange Telecom, LLC v Knobloch, 210 AD3d 1130, 1131; Evans v Sandoval, 121 AD3d 1037).
The defendant's remaining contentions either are without merit or need not be reached [*2]in light of our determination.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court