■ In the Matter of PRODROMOS ANGELOPOULOS, Petitioner, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents.—Determination of the respondent Commissioner dated January 18, 1990, which affirmed petitioner's disqualification as a police officer on the ground that he fraudulently omitted his military service on his application for employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beatrice Shainswit, J.], entered July 27, 1990), is dismissed, without costs.

Petitioner was appointed a New York City Police Officer on July 16, 1984. As part of his application, petitioner completed questionnaire PA-15, in which he stated that he had no prior military experience and had never used an alias. In fact, petitioner had enlisted in the United States Army, under the name of Mike Angelo, for the period June 1980 to May 1981. Moreover, petitioner amended his initial application to state that he was employed by Bridge Towing Co. for the period January 1981 to August 1981.

Petitioner served on the police force without incident until an investigation revealed that a felony warrant had been issued on May 1, 1981 against petitioner for desertion from the Army. On April 11, 1988, petitioner was arrested by United States Defense Department Police. On May 31, 1988, the Army issued petitioner a general discharge in absentia. Petitioner was disqualified from the police force for fraud in his application by the respondent Department of Personnel. This determination was sustained by the respondent Civil Service Commission after a hearing.

Although the transfer of this proceeding to this Court was erroneous, because the hearing held by the Commission was discretionary, not mandatory, we nevertheless dispose of the matter on the merits. (Matter of D'Ornellas v Ortiz, 119 AD2d 459, 461, appeal dismissed 68 NY2d 805.)

Petitioner could only be disqualified for "fraud of a substantial nature" in his application. (Civil Service Law § 50 [4].) According to petitioner, he did not commit any fraud. Petitioner claimed he had been charged with insubordination, and that he had worked out an arrangement whereby he would receive a general discharge in exchange for surrendering all benefits. He understood that his period of service was a "nullity" which he need never reveal. Petitioner asserted that the Army's failure to issue him a general discharge resulted from a bureaucratic oversight.

It is uncontroverted that petitioner did not reveal either the fact of his service or his use of an alias in the military. Indeed, his amendment to his application, falsely indicating that he was employed in a civilian job when he was actually in the military, goes beyond mere concealment. We cannot say that these misrepresentations were immaterial. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.