■ In the Matter of JAMES J. DOLAN, JR., Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. [759 NYS2d 221] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 24, 2002 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission terminating petitioner's employment as an investigator with the Department of Taxation and Finance.

In May 1996, petitioner sat for the state civil service examination and subsequently became eligible for civil service employment. Notwithstanding petitioner's success, respondent Department of Civil Service (hereinafter Civil Service) could not certify petitioner for appointment because he previously had been convicted of several crimes, as a result of which he had been discharged from his employment as police chief in the City of Hudson, Columbia County. As a consequence, Civil Service required petitioner to provide additional information regarding his convictions, in response to which petitioner submitted a lengthy supplement to his application, detailing the circumstances of his convictions and his rehabilitation. Petitioner stated, inter alia, that he was "placed on probation, paid a fine, and completed community service," but failed to mention that he violated the terms of his probation, which

resulted in his incarceration and the imposition of additional community service. Upon receipt of petitioner's supplement, Civil Service removed the restriction from his application and certified him for appointment.

In time, petitioner interviewed with respondent Department of Taxation and Finance (hereinafter Taxation and Finance) and was appointed as an investigator in February 2000. In the course of reviewing petitioner's appointment, spurred by inquiry from the media, the Director of Human Resources Management for Taxation and Finance discovered that petitioner had violated probation and had been sentenced to jail. Doubting petitioner's credibility and honesty, the Director contacted Civil Service and requested that petitioner's appointment be revoked. One week later, in April 2000, Civil Service sent petitioner written notice of possible disqualification and removal, citing the concerns of Taxation and Finance. Petitioner responded through his attorney, which prompted a second notice of possible disqualification. Petitioner again responded through counsel.

On September 19, 2000, Civil Service revoked petitioner's appointment, finding that petitioner's omission was intentional and that the facts of petitioner's probation violation, if known prior to appointment, would have warranted his disqualification. Petitioner then appealed to respondent Civil Service Commission (hereinafter respondent), which affirmed the decision revoking petitioner's appointment.

In June 2001, petitioner commenced the instant proceeding seeking judicial review of respondent's determination and, in order to support his contentions, sought certain discovery. Petitioner also challenged the determination of Taxation and Finance terminating his probationary employment as investigator. Supreme Court denied petitioner's motion for discovery and dismissed the petition. Petitioner now appeals.

We affirm. As a starting point, Civil Service Law § 50 (4) authorizes Civil Service to: "investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, * * * may revoke such eligible's certification and appointment and direct that his employment be terminated." Moreover, a decision by Civil Service to revoke an appointment for any of the enumerated disqualifications is purely a matter of discretion (see *Matter of Richie v Coughlin*, 148 AD2d 178, 182 [1989], *appeal dismissed* 75 NY2d 765 [1989], *lv denied* 75 NY2d 707 [1990], *cert denied* 498 US 824 [1990]). Given the work performed by

investigators in Taxation and Finance, and the integrity thus required, Civil Service asserts that it would have denied petitioner qualification for violating the terms of his probation. Therefore, revocation after appointment, upon a finding of material omission of facts that otherwise would have precluded petitioner from qualification, is appropriate. We agree.

In determining the fitness of candidates for civil service employment, respondent is afforded "[w]ide discretion," which is to be sustained unless clearly abused (*Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565, 566 [1976]). As such, this Court is limited to a review of whether the agency action was arbitrary or capricious (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231 [1974]). Here, petitioner's failure to mention his probation violation in the application supplement provides a rational basis for the conclusion that such omission was deceptive and intentional, thereby justifying revocation of petitioner's appointment.

With respect to petitioner's challenge to his termination by Taxation and Finance, the parties, prior to this CPLR article 78 proceeding, settled a previous claim that petitioner should not have been terminated until his appeal to respondent was final. As part of that settlement, petitioner specifically agreed not to relitigate that claim and, hence, is now precluded from doing so (*see Kleinmann v Bach*, 239 AD2d 861, 862-863 [1997]).

As a final matter, we note that "[j]udicial review of an administrative determination is limited to the record before the agency and proof outside the administrative record should not be considered" (*Matter of Piasecki v Department of Social Servs.*, 225 AD2d 310, 311 [1996]). Accordingly, Supreme Court quite properly denied petitioner's request for discovery. We have considered petitioner's additional contentions, including his assertion that he was denied due process, and find them equally unpersuasive.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.