■ In the Matter of CITY OF NEW YORK et al., Appellants, v SUSAN O'CONNOR, Respondent, et al., Respondent. [780 NYS2d 590]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered April 16, 2002, which, in a CPLR article 78 proceeding seeking to annul respondent Civil Service Commission's determination reversing petitioners' revocation of the individual respondent's certification for her employment as a New York City police officer, denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

Respondent O'Connor was appointed to the New York City Police Department in 1988. In 1996, O'Connor, after being evaluated by the Police Department's Early Intervention Unit (EIU) and Psychological Services Unit (PSU), was referred to Holliswood Hospital for treatment of psychological difficulties. Thereafter, O'Connor was found psychologically unfit for service and involuntarily retired with an ordinary disability pension.

As a result of O'Connor's contact with EIU, PSU and/or her treatment at Holliswood Hospital, the Police Department learned that, in 1987, prior to her appointment, O'Connor had been hospitalized for psychiatric problems. O'Connor had failed to disclose this prior hospitalization in response to inquiries seeking such information in several different forms she completed in connection with her application for appointment as a police officer. Based on O'Connor's failure to disclose her 1987 hospitalization, the Department of Citywide Administrative Services (DCAS), at the request of the Police Department, found that O'Connor had obtained her appointment by fraud,

and, pursuant to Civil Service Law § 50 (4), revoked her certification for employment as a police officer, found her unqualified for such employment, and terminated her appointment. Since O'Connor had already been retired from the service on grounds of psychological disability, the effect of DCAS's action, if upheld, would be the loss of her pension.

On O'Connor's appeal of DCAS's revocation of her certification, respondent Civil Service Commission reversed DCAS and reinstated O'Connor's original certification. The Civil Service Commission took this action based on its view that the punitive use of the information about O'Connor's 1987 hospitalization was an improper breach of the confidence in which she imparted such information to EIU, PSU and/or Holliswood Hospital. Petitioners (the City of New York and the Commissioner and Deputy Commissioner of DCAS) thereafter commenced this CPLR article 78 proceeding, seeking annulment of the Civil Service Commission's determination and reinstatement of the action of DCAS. Supreme Court denied the petition, and petitioners have appealed.

We affirm. As both sides acknowledge, the standard of judicial review of the Civil Service Commission's action under Civil Service Law § 50 (4) is whether that body's action was arbitrary and capricious or an abuse of discretion (CPLR 7803 [3]; *see Matter of Dolan v New York State Dept. of Civ. Serv.*, 304 AD2d 1037, 1039 [2003], *lv denied* 100 NY2d 512 [2003], citing *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231 [1974]; *Matter of Martin v Marchiselli*, 262 AD2d 171 [1999]). We express no opinion on the correctness, as a matter of law, of the Civil Service Commission's suggestion that, to the extent O'Connor disclosed her prior hospitalization directly to EIU or PSU, the Police Department's punitive use of those disclosures would have constituted a breach of the psychologist-client privilege (CPLR 4507). It cannot be said, however, that it was arbitrary, capricious or irrational for the Civil Service Commission to find that O'Connor, in disclosing her 1987 hospitalization to the Police Department, would have expected such information to be used by the Police Department only for purposes of "determin-[ing] . . . her current mental fitness for employment." Further, the Civil Service Commission's decision to honor O'Connor's expectation (as found by the Commission) that such information would not be used against her in a punitive fashion cannot be said to be irrational, given the need to encourage police officers experiencing psychological difficulties to make full disclosure of all facts relevant to the determination of their fitness for continued service. While one might reasonably disagree

with the Civil Service Commission's action, it is the Commission that is invested with the discretion to balance the competing interests involved in these matters, and, as previously indicated, the scope of our review is limited. Concur—Nardelli, J.P., Tom, Andrias and Friedman, JJ.