James J. DOLAN, Jr., Plaintiff–
Appellant,

v.

Arthur J. ROTH (Commissioner, New
York State Department of Taxation
and Finance), Judith Ann Hard (Dep-
uty Commissioner, New York State
Department of Taxation and Fi-
nance), Deborah S. Dammer (Director
of Human Resources Management,
New York State Department of Taxa-
tion and Finance), M. Kiaran Johnson
(Director of Personnel, New York
State Department of Taxation and Fi-
nance), George C. Sinnott (President,
New York State Civil Service Com-
mission), Leo J. Kesselring (Commis-
sioner, New York State Civil Service
Commission), Margaret Dadd (Com-
missioner, New York State Civil Ser-
vice Commission), Joseph R. Healy
(Director, Investigations Section, New
York State Department of Civil Ser-
vice), Patricia Hite (Office of Counsel,
New York State Department of Civil
Service) and Mark F. Worden (Associ-
ate Attorney, Office of Counsel, New
York State Department of Civil Ser-
vice), Defendants–Appellees.

No. 04–4497.

United States Court of Appeals,
Second Circuit.

March 8, 2006.

Lewis B. Oliver, Jr., Albany, NY, for Appellant.

Julie S. Mereson, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Denise A. Hartman, Assistant Solicitor General, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 8th day of March, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

After being fired from his position as Investigator with the New York State Department of Taxation and Finance (the "Tax Department"), plaintiff-appellant James J. Dolan, Jr., unsuccessfully appealed his dismissal to the New York Civil Service Commission and shortly thereafter commenced an Article 78 proceeding in state court.[1] In response to Dolan's assertions that his termination was arbitrary and capricious and that his tenure was revoked in bad faith for retaliatory reasons, defendants-appellees [2]—who are vari-

ous New York state officials—argued that Dolan had been disqualified from the position for failing to disclose in his application materials that he had violated terms of probation imposed in connection with a criminal conviction.

Both the New York Supreme Court and Appellate Division affirmed the decision of the New York State Department of Civil Service to revoke Dolan's appointment, citing a provision of New York Civil Service Law that authorizes a state civil service department to "investigate the qualifications and background of an eligible" civil servant and "upon finding facts which if known prior to appointment, would have warranted his disqualification . . . revoke such eligible[ ] [civil servant]'s . . . appointment and direct that his employment be terminated[.]" *See* N.Y. Civ. Serv. L. § 50(4). Noting the "[w]ide discretion" that state civil service departments enjoy in "determining the fitness of candidates for civil service employment," the Appellate Division concluded that Dolan's termination had not been arbitrary or capricious. *Dolan v. N.Y. State Dep't of Civil Serv.*, 304 A.D.2d 1037, 1038–39, 759 N.Y.S.2d 221 (3d Dep't 2003) (internal quotation marks omitted; alteration in original). The Appellate Division added that it had "considered petitioner's additional contentions, including his assertion that he was denied due process, and [found] them equally unpersuasive." *Id.* at 1039, 759 N.Y.S.2d 221.

On April 30, 2003, Dolan commenced an action in the District Court under 42 U.S.C. § 1983, alleging that defendants violated his First and Fourteenth Amendment rights. Specifically, Dolan asserted

---

**1.** Article 78 of the New York Civil Practice Law and Rules provides a mechanism for reviewing governmental or official actions. Most Article 78 proceedings concern the ac-

tions of state administrate agencies. *See* N.Y. C.P.L.R. § 7801 et seq.

**2.** All defendants-appellees are sued both individually and in their official capacities.

that defendants (1) impermissibly burdened his right to free speech by terminating him in retaliation for his public affiliation with the local Democratic Party and (2) unlawfully discriminated against him by "singl[ing][him] out ... and punish[ing][him] differently than similarly situated co-workers" based on "irrational animus ... and retaliatory motivation." Defendants reiterated that Dolan had been terminated for a permissible, nonretaliatory purpose and argued that because plaintiff had already raised (and failed to prevail on) substantially the same claims before New York courts, the suit should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(1), 12(b)(6). Dolan filed a cross-motion pursuant to Federal Rule of Civil Procedure 56(f), seeking a continuance of the proceedings in order to afford him an opportunity to complete the discovery process.

Applying the then-prevailing law of the Circuit, the District Court (1) dismissed both of plaintiff's claims for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine, (2) determined that defendants' motion for dismissal under Rule 12(b)(6) was moot, and (3) denied plaintiff's cross-motion for discovery pursuant to Rule 56(f). *Dolan v. Roth,* 325 F.Supp.2d 122, 140 (N.D.N.Y.2004).

We review *de novo* a district court's dismissal of a complaint for lack of subject-matter jurisdiction, *see Vargas v. City of New York,* 377 F.3d 200, 205 (2d Cir.2004), as well as its application of the doctrine of collateral estoppel, *see Chartier v. Marlin Mgmt., LLC,* 202 F.3d 89, 93 (2d Cir.2000). Finally, we may affirm dismissal of a plaintiff's complaint on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court. *See EEOC v. J.B. Hunt*

*Transp., Inc.,* 321 F.3d 69, 73–74 (2d Cir. 2003).

Since the District Court entered its order in July 2004—and since the parties filed briefs in this case—the Supreme Court and, in turn, this Court have substantially narrowed the scope of the *Rooker–Feldman* doctrine, clarifying that a court's mere determination that claims or issues are precluded by earlier proceedings in a state court does not compel the further conclusion that federal courts lack jurisdiction to consider such claims or issues. *See Exxon Mobil Corp. v. Saudi Basic Inds. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir.2005). Under our holding in *Hoblock,* "federal plaintiffs are not subject to the *Rooker–Feldman* [jurisdictional] bar unless they *complain of an injury* caused by a state judgment" itself. *Hoblock,* 422 F.3d at 87. Accordingly, an inferior federal court will have subject-matter jurisdiction so long as the plaintiff presents a "independent" claim, even if that claim " 'denies a legal conclusion that a state court has reached in a case to which he was a party.' " *Hoblock,* 422 F.3d at 86 (quoting *Exxon Mobil Corp.,* 125 S.Ct. at 1527).

■ Because Dolan brings suit to remedy an injury that was produced by defendants' decision to terminate him from the position of Investigator rather than by the state-court judgments in question, his claim is "independent" within the meaning of *Hoblock. See id.* at 87–88. Accordingly, with the benefit of hindsight, we hold that the District Court erred in concluding that "the *Rooker–Feldman* doctrine mandates the conclusion that [it] lacks subject matter jurisdiction to consider plaintiff's retaliation claim." *Dolan,* 325 F.Supp.2d at 139.

Although the District Court's conclusions with respect to subject-matter jurisdiction "render[ed] moot defendant's [Rule 12(b)(6) ] motion to dismiss for failure to state a claim upon which relief may be granted," *id.* at 140, the Court determined as an intermediate step in its *Rooker–Feldman* analysis that Dolan's First and Fourteenth Amendment claims would be precluded under New York law of collateral estoppel. *Id.* at 134–40. With respect to Dolan's First Amendment claim, the District Court concluded that "the State has shown that the retaliation issue was properly raised by the pleadings or otherwise placed in issue, and actually determined in the Article 78 proceeding, and ... plaintiff has not shown that he was deprived of a full and fair opportunity to litigate that claim during the Article 78 proceeding." *Id.* at 139. Regarding Dolan's Fourteenth Amendment claim, the District Court held "that plaintiff's equal protection claim was actually decided for collateral estoppel purposes" and rejected Dolan's assertion "that he did not have a full and fair opportunity to litigate his equal protection claim in state court because he was denied discovery there." *Id.* at 140.

Under New York law, collateral estoppel bars consideration of an issue when " '(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding.' " *Hoblock*, 422 F.3d at 94 (quoting *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 200 (2d Cir. 1996)) (alteration in *Hoblock* ). Because Dolan does not dispute that the District Court properly identified the legal standards governing collateral estoppel, we turn our attention to whether plaintiff's retaliation and irrational discrimination claims were "actually and necessarily de-

cided" in the state proceedings and whether, if so, plaintiff had a "full and fair opportunity to litigate" these issues.

█ Upon our review of the record, we agree with the District Court's analysis and hold that Dolan was collaterally estopped from relitigating the issues presented in his complaint. Although Dolan did not specifically style his arguments before the New York Supreme Court and Appellate Division as First Amendment retaliation or Equal Protection claims, he nonetheless clearly asserted that his dismissal had been "arbitrary and capricious" and that defendants had acted "in bad faith" and "pretextual[ly]" by terminating his appointment as punishment for his political affiliation and activities. Dolan cannot avoid the application of the doctrine of collateral estoppel simply by recharacterizing in constitutional terms the same claims that were "actually and necessarily decided" in prior proceedings.

After considering the same substantive allegations that Dolan now asserts, the New York Supreme Court concluded that defendants' decision to revoke Dolan's appointment was "fully in accordance with the law," *Dolan*, 325 F.Supp.2d at 127 (quoting New York Supreme Court, with alteration), and the Appellate Division held that Dolan's termination was supported by "a rational basis," *see Dolan*, 304 A.D.2d at 1039, 759 N.Y.S.2d 221. Both state courts also indicated that they reviewed Dolan's remaining contentions and found them to be without merit. *Dolan*, 304 A.D.2d at 1039, 759 N.Y.S.2d 221; *see Dolan*, 325 F.Supp.2d at 138 (summarizing New York Supreme Court's conclusions). Subsumed within these holdings was the factual determination that defendants did not terminate Dolan based on any of the impermissible motives described in his pleadings and submissions. Accordingly, we hold

that the claims presented in Dolan's complaint were actually and necessarily decided in defendants' favor in the prior proceedings.

We further hold that Dolan had a "full and fair opportunity" to argue his First and Fourteenth Amendment claims notwithstanding the New York Supreme Court's denial of his discovery request. As we noted in *Moccio*, 95 F.3d at 202, "the general inability to obtain in the Article 78 proceeding all the discovery [plaintiff] might be entitled to in federal court" does not "diminish the full and fair opportunity [plaintiff] had to litigate these issues in the Article 78 proceeding."

Finally, substantially for the reasons stated by the District Court, *see Dolan*, 325 F.Supp.2d at 129–30, we hold that the District Court did not abuse its discretion in denying Dolan's discovery request pursuant to Rule 56(f).

\* \* \* \*

Having considered all of Dolan's arguments on appeal, we:

(1) REVERSE the District Court's holding that it lacked subject-matter jurisdiction under the *Rooker–Feldman* doctrine;

(2) AFFIRM the judgment of the District Court on the alternative ground that Dolan was collaterally estopped from relitigating the issues presented in his complaint; and

(3) AFFIRM the District Court's denial of Dolan's cross-motion for discovery pursuant to Federal Rule of Civil Procedure 56(f).