In the Matter of MARY SERENA CROSSFIELD, Also Known as M. SERENA CROSSFIELD, Also Known as SERENE CROSSFIELD, Appellant, v SCHUYLER COUNTY, Respondent. [58 NYS3d 689]—

Garry, J.P. Appeal from a judgment of the Supreme Court (Faughnan, J.), entered July 6, 2016 in Schuyler County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking petitioner's eligible certification and appointment and terminating her employment.

Petitioner was hired by respondent in September 2009. In June 2015, respondent issued a notice of charges alleging several acts of misconduct and notifying petitioner that it would seek her dismissal if she was found guilty after a hearing. After obtaining additional information, respondent revised the notice to add a charge that petitioner had made a false statement in her application for employment. A hearing was conducted before respondent's Personnel Officer, who found, among other things, that petitioner had withheld relevant in-

---

formation regarding her previous employment with Yates County, and issued a notice of revocation of eligible certification, appointment and termination of employment pursuant to Civil Service Law § 50 (4). A due process hearing was conducted at petitioner's request, at which she was represented by counsel. Thereafter, respondent issued a final determination revoking petitioner's eligible certification and appointment and terminating her employment. Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination and reinstate her employment. Respondent opposed the petition, and Supreme Court dismissed it. Petitioner appeals.

Petitioner's employment application included the question, "Have you ever resigned from employment rather than face discharge?" Petitioner answered in the negative and signed an affirmation that her statements in the application "[were] true under the penalties of perjury and that a material misstatement or fraud may disqualify [her] from appointment." The record evidence and hearing testimony later revealed that petitioner's former employer, Yates County, had issued six disciplinary charges against petitioner in 2008, which carried a maximum penalty of dismissal.[1] After Yates County had brought these disciplinary charges, petitioner had filed various claims against Yates County and her union, including charges with the Public Employment Relations Board. In September 2008, petitioner and Yates County entered into a separation agreement, by which petitioner agreed to resign from her employment and withdraw her claims. Yates County agreed, among other things, to withdraw the disciplinary charges against her, to issue petitioner a letter of reference using agreed-upon language, and to pay petitioner $100,000 in settlement of her claims. Both parties agreed not to discuss "the terms of [the agreement] or any fact concerning its negotiation, execution or implementation with anyone," unless "required to do so by law or legal process."[2]

In the course of her testimony, petitioner gave several reasons for her negative answer to the application question,

---

**1.** The specific charges are redacted from the charging documents in the record, but were described by petitioner in the course of her testimony.

**2.** Upon learning of petitioner's resignation from Yates County after the initial disciplinary charges were filed, respondent obtained a copy of the separation agreement and a redacted copy of the charging documents by submitting a Freedom of Information Law request (see Public Officers Law art 6).

stating that she acted upon the advice of counsel,[3] that she believed that she could not discuss the agreement because of its confidentiality provisions, and that she expected to prevail on the disciplinary charges and therefore believed that she was not facing discharge. However, she acknowledged that she resigned while the charges were still pending, and that the maximum penalty sought by Yates County was dismissal.

Pursuant to the Civil Service Law, a county civil service department may investigate the background and qualifications of an eligible individual after he or she has been appointed, and may revoke a certificate of appointment and direct the termination of employment, as pertinent here, "upon finding facts which if known prior to appointment, would have warranted his [or her] disqualification, or upon a finding of . . . fraud of a substantial nature in his [or her] application, examination or appointment" (Civil Service Law § 50 [4]; *see* Civil Service Law § 50 [4] [e], [f], [g]). Here, the Personnel Officer found that petitioner resigned from Yates County rather than face discharge, that this resignation would have warranted petitioner's disqualification from eligibility and, in the alternative, that petitioner's failure to disclose the circumstances of her resignation constituted, as relevant here, a fraud of a substantial nature in her application. The Personnel Officer further found that petitioner's failure to disclose her resignation had prevented respondent from inquiring into the circumstances and discovering information material to her qualifications and background, and that her failure to disclose her resignation amounted to fraud.

Respondent appointed petitioner almost six years before it brought charges against her. Thus, Supreme Court correctly determined that respondent is time-barred by the three-year statutory limitations period from enforcing Civil Service Law § 50 on grounds other than fraud, and the sole issue to be resolved here "is whether fraud of a substantial nature existed in connection with petitioner's application" (*Matter of Giangiacomo v Village of Liberty*, 50 AD2d 666, 666 [1975], *affd* 40 NY2d 957 [1976]; *see* Civil Service Law § 50 [4]; *Matter of Harvey v Rubino*, 252 AD2d 981, 981 [1998]).[4]

Respondent has "[w]ide discretion" to determine the fitness

---

**3.** Petitioner clarified that she did not consult with counsel while completing the application, and that her understanding of the issue was based upon a conversation that she had previously had with her counsel when she entered into the separation agreement.

**4.** For this reason, we do not address petitioner's arguments related to the other grounds for disqualification found by the Personnel Officer.

of candidates for civil service eligibility and employment (*Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565, 566 [1976]; *see Matter of Richie v Coughlin*, 148 AD2d 178, 182 [1989], *appeal dismissed* 75 NY2d 765 [1989], *lv denied* 75 NY2d 707 [1990], *cert denied* 498 US 824 [1990]), and, in the absence of clear abuse, this Court will sustain such a determination (*see Matter of Dolan v New York State Dept. of Civ. Serv.*, 304 AD2d 1037, 1039 [2003], *lv denied* 100 NY2d 512 [2003]). Our review is limited to whether respondent's determination was an abuse of discretion or arbitrary and capricious (*see id.; Matter of City of New York v O'Connor*, 9 AD3d 328, 329 [2004], *lv denied* 3 NY3d 611 [2004]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). Petitioner claims that the subjective explanations she offered for her negative response prevent a determination that she acted with the requisite intent to establish fraud. However, considering the affirmation that the statements on her application were true in light of her acknowledgment that she resigned while charges that could have resulted in her dismissal were pending against her, we do not find respondent's inference that she acted intentionally to be arbitrary and capricious (*see Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct, Dept. of Health*, 303 AD2d 788, 789-790 [2003], *lv denied* 100 NY2d 505 [2003]). Indeed, petitioner's resignation was an express requirement of the agreement by which Yates County agreed to withdraw the charges. Likewise, it was not arbitrary and capricious for respondent to discredit petitioner's assertion that she resigned, not for the purpose of avoiding dismissal, but instead to obtain payment for settling her claims against Yates County.

As for petitioner's assertions related to confidentiality, the provisions of the agreement forbade her from disclosing its terms and related facts, but did not contain language precluding her from disclosing the fact that she had resigned pursuant to an agreement. As Supreme Court noted, she could have completed the employment application truthfully while complying with the agreement's confidentiality requirements by giving an affirmative response to the question about previous resignations and indicating in the application's explanatory section that she had resigned from her employment with Yates County pursuant to an agreement, but could not disclose the related details. Such an acknowledgment would have allowed respondent an opportunity to inquire further into the surrounding circumstances, as it did promptly when it later learned of her resignation. This opportunity was foreclosed by petitioner's

negative response on the application and Yates County's agreement to provide her with an agreed-upon letter of reference and otherwise disclose nothing to future employers beyond her dates of employment and positions held.[5] Thus, we find nothing arbitrary and capricious and no abuse of discretion in respondent's determination that petitioner committed fraud of a substantial nature (*see Matter of Dolan v New York State Dept. of Civ. Serv.*, 304 AD2d at 1038-1039; *Matter of Roman v Brown*, 202 AD2d 321, 321 [1994], *lv denied* 83 NY2d 760 [1994]; *Matter of Angelopoulos v New York City Civ. Serv. Commn.*, 176 AD2d 161, 161-162 [1991], *lv denied* 79 NY2d 751 [1991]).

Lynch, Rose, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.

5. For these reasons, and because only one year passed between petitioner's resignation from Yates County and her application—which, if truthfully completed, would have placed respondent on notice that it should make further inquiries—we reject petitioner's contention that respondent's charge of fraud is barred by laches, waiver or estoppel (*compare Matter of Leonardo v Civil Serv. Commn. & Off. of Personnel of County of Monroe*, 34 NY2d 760, 761 [1974]).