Matter of Perez v New York City Civ. Serv. Commn. (2022 NY Slip Op 00288)





Matter of Perez v New York City Civ. Serv. Commn.


2022 NY Slip Op 00288


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 150665/17 Appeal No. 15073 Case No. 2020-03504 

[*1]In the Matter of Gil V. Perez, Petitioner-Appellant,
v
The New York City Civil Service Commission, et al., Respondents, Zachary Carter as Counsel to the City of New York, Respondent-Respondent.


Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Claibourne Henry of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered August 4, 2020, which denied the petition to annul the determination of respondent New York City Civil Service Commission (Commission), dated September 21, 2016, upholding the disqualification of petitioner and termination of his employment by respondent New York City Department of Citywide Administrative Services (DCAS), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to establish that the Commission's determination to uphold DCAS's decision to disqualify him and terminate his employment from his position as a stationary engineer lacks a rational basis or is arbitrary and capricious (see Matter of Martin v Marchiselli, 262 AD2d 171 [1st Dept 1999]). DCAS rationally determined that petitioner committed fraud in his employment application by providing answers to questions under penalties of perjury that were not truthful, i.e., that he never resigned from a previous job to avoid disciplinary action or dismissal, and that this information, if known to DCAS prior to petitioner's appointment, would have warranted his disqualification (Civil Service Law § 50[4]; see Matter of Martin, 262 AD2d 171).
Petitioner's argument that DCAS violated Civil Service Law § 50(4), which generally prohibits a municipal agency from revoking the certification of an employee more than three years after appointment from a civil service list, is unavailing since that provision does not apply in the case of fraud (Civil Service Law § 50[4]; see Matter of Crossfield v Schuyler County, 151 AD3d 1448, 1450 [3d Dept 2017], lv denied 30 NY3d 905 [2017]; Matter of Angelopoulos v New York City Civ. Serv. Commn., 176 AD2d 161 [1st Dept 1991], lv denied 79 NY2d 751 [1991]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022